USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/12/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVAN STOOPLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMLARLY SITUATED,

        Plaintiff,

-against-

DIREXION SHARES ETF TRUST, DANIEL O'NEILL, TODD KELLERMAN, DANIEL J. BYRNE, GERALD E. SHANLEY, III., JOHN WEISSER AND RAFFERTY ASSET MANAGEMENT, LLC,

        Defendants.

09 Civ. 8011 (RJH)

---

MILTON PFEIFFER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMLARLY SITUATED,

        Plaintiff,

-against-

DIREXION SHARES ETF TRUST, DANIEL O'NEILL, TODD KELLERMAN, DANIEL J. BYRNE, GERALD E. SHANLEY, III., JOHN WEISSER AND RAFFERTY ASSET MANAGEMENT, LLC,

        Defendants.

09 Civ. 8375 (RJH)

---

THOMAS C. LONGMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMLARLY SITUATED,

        Plaintiff,

-against-

09 Civ. 8459 (RJH)

| | |
|---|---|
| DIREXION SHARES ETF TRUST, DANIEL O'NEILL, TODD KELLERMAN, DANIEL J. BYRNE, GERALD E. SHANLEY, III., JOHN WEISSER AND RAFFERTY ASSET MANAGEMENT, LLC,<br><br>      Defendants. | |
| HOWARD SCHWACK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMLARLY SITUATED,<br><br>      Plaintiff,<br>  -against-<br><br>DIREXION SHARES ETF TRUST, DANIEL O'NEILL, TODD KELLERMAN, DANIEL J. BYRNE, GERALD E. SHANLEY, III., JOHN WEISSER AND RAFFERTY ASSET MANAGEMENT, LLC,<br><br>      Defendants. | 10 Civ. 271 (RJH) |
| WILLIAM LEE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMLARLY SITUATED,<br><br>      Plaintiff,<br>  -against-<br><br>DIREXION SHARES ETF TRUST, DANIEL J. BYRNE, GERALD E. SHANLEY, III., JOHN WEISSER AND RAFFERTY ASSET MANAGEMENT, LLC,<br><br>      Defendants. | 10 Civ. 273 (RJH) |

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

The Direxion Shares ETF Trust ("Direxion") is an investment management company that is comprised of a number of separate series or funds. Presently before the Court are five related securities actions brought against Direxion, certain of its directors and officers, and its investment advisor, Rafferty Asset Management, LLC (collectively, "Defendants"), arising from plaintiffs' investments in certain inverse and leveraged exchange-traded funds ("ETFs") offered by Direxion. These actions relate to two separate ETFs sold by Defendants: the Financial Bear 3X Shares Fund ("FAZ Fund") and the Energy Bear 3X Shares Fund ("ERY Fund"). Both ETFs seek to provide daily investment returns that correspond to the performance of a particular index or benchmark—the Russell 1000 Financial Services Index in the case of the FAZ Fund, and the Russell 1000 Energy Services Index in the case of the ERY Fund. Both ETFs, as well as a number of other funds sold by Defendants, are described in a single registration statement, prospectus, and statement of additional information (collectively, the "Registration Statement").

The first of the five related actions currently pending before this Court was filed on September 11, 2009 under the caption *Stoopler v. Direxion Shares ETF Trust et al.*, No. 09-cv-8011-RJH (the "Stoopler action"). The complaint in the Stoopler action alleged that Defendants violated Sections 11 and 15 of the Securities Exchange Act of 1933 by making false and misleading statements in connection with their sales of the FAZ Fund between November 3, 2008 to April 9, 2009 (the "Class Period"). On

September 18, 2009, Federman & Sherwood LLP ("Federman & Sherwood"), counsel in the Stoopler action, caused a notice to be published on *Marketwise* advising those who purchased the FAZ Fund during the Class Period of their right to move for appointment as lead plaintiff within 60 days.  Thereafter, two other actions were filed relating to the FAZ Fund, bearing case numbers 09cv08375 and 09cv08459.  On November 17, 2009, four parties moved to be appointed as lead plaintiff and for consolidation of the three FAZ Fund actions.

On January 13, 2010, Howard Schwack and William Lee each filed separate actions against the same Defendants, bearing case numbers 10cv00271 and 10cv00273, relating to the ERY Fund.  Schwack, whose action was filed first, caused notice to be filed over *Businesswire* alerting putative class members who had purchased shares of the ERY Fund of their right to move for appointment as lead plaintiff within 60 days. Thereafter, the Court received timely motions for consolidation and for appointment of lead plaintiff from Schwack and Lee.

On April 1, Defendants moved to consolidate the three FAZ Fund actions and the two ERY Fund actions into a single action.  They argued that although these five actions relate to two different funds, the allegations in all five complaints are substantially similar in that the allegedly misleading statements about both funds are almost identical and are found in the same Registration Statement.  Defendants do not object to the appointment of separate lead plaintiffs to represent holders of the FAZ Fund and the ERY Fund, respectively.  This Opinion sets forth the Court's rulings on the pending motions for consolidation and appointment of lead plaintiff.

## DISCUSSION

**I.     Consolidation**

Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). In determining the propriety of consolidation, district courts have "broad discretion," and generally favor the view that "considerations of judicial economy favor consolidation." *Ferrar v. Impath, Inc.*, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citations and quotations omitted). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced." *Weiss v. Friedman, Billings, Ramsey Group, Inc. et al*, 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006).

In the instant case, the complaints in all five actions currently before the Court contain similar assertions of fact and allege violations of the same sections of the Securities Exchange Act of 1933. Plaintiffs in both sets of actions contend that Defendants made material misrepresentations in the Registration Statement regarding the nature of the FAZ Fund and the ERY Fund, respectively. Although two different funds are at issue, both funds in question are described in the same Registration Statement. In all five actions, plaintiffs contend that while the fund in question was supposed to deliver triple the inverse return of the respective index to which it was tied, the fund was defective since it did not actually track the benchmark it was designed to track. In all five actions, plaintiffs also contend that the fund is more properly viewed as a day trading vehicle, but that Defendants failed to market the fund as such and failed to warn purchasers that holding the fund's shares for longer periods of time would almost

3

certainly lead to large losses. On this basis, the Court finds that all five actions involve "common issues of law and fact." The Court is not convinced that plaintiffs would suffer undue prejudice from consolidating the FAZ Fund actions with the ERY Fund actions. Because the Court finds that the interests of judicial economy would be well-served by consolidation, the Court hereby consolidates the five above-captioned actions into one action ("the Consolidated Action").[1] In the event any future related actions are assigned to this Court, the Court shall—if appropriate, and upon due consideration of the Rule 42(a) factors—enter an order consolidating such actions into the Consolidated Action.

## II. Appointment of Lead Plaintiff

### A. The Notice and Filing Requirements of the PSLRA

The PSLRA requires the plaintiff in the first-filed action to cause a notice to be published in a national, business-oriented publication within 20 days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their right to seek appointment as lead plaintiff within 60 days after the date on which notice is published. *Id.* In the instant case, counsel in the Stoopler action published notice in *Marketwise* on September 18, 2009 informing all shareholders of the FAZ Fund of the details and pendency of the action and their right to seek appointment as lead plaintiff. Counsel in the Schwack action caused notice to be published over *Businesswire* on January 13, 2010, informing holders of the ERY Fund of the same. These notices satisfied the requirements of the PSLRA.

---

[1] Courts in this district have previously consolidated actions involving similar claims brought by investors in multiple funds, including other ETFs. *See, e.g.*, No. 09-cv-6935, Apr. 28, 2010 Order (JGK) (Docket Entry No. 88); *Walker v. Deutsche Bank, A.G.*, No. 04 Civ. 1921 (DAB), 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005).

In response to the notices published by Stoopler and Schwack, four sets of parties moved to be appointed as lead plaintiff to represent holders of the FAZ Fund, and two parties moved to be appointed as lead plaintiff to represent holders of the ERY Fund. All parties who have appeared before the Court appear to agree that separate lead plaintiffs should be appointed to represent holders of the FAZ Fund and the ERY Fund, respectively. Accordingly, the Court shall examine which movant(s) is the "most adequate" lead plaintiff to represent holders of each fund under the PSLRA.

**B.     The Most Adequate Plaintiff**

   **i.     The FAZ Fund**

The PSLRA provides that the presumptive lead plaintiff is the movant with the "largest financial interest" in the relief sought by the class, who "otherwise satisfies the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). In the instant action, the following four plaintiffs (or groups of plaintiffs) and their counsel initially moved for appointment as lead plaintiff to represent holders of the FAZ fund:  (1) Evan Stoopler, represented by Federman & Sherwood; (2) FAZ Investor Group, represented by Gilman and Pastor LLP; (3) Paul Lau and Dre Enterprises, represented by Pomerantz Haudek Grossman & Gross; and (4) Scott Woska, represented by Weiss & Laurie. Their respective alleged monetary losses as a result of Defendants' conduct are as follows: Stoopler – approximately $6.7 million; FAZ Investor Group – approximately $5.6 million; Paul Lau and Dre Investors – approximately $182,000; and Scott Woska – approximately $84,000. Thus, Stoopler appears to have the largest financial interest in this matter and is the presumptive lead plaintiff. *See id.*

Stoopler has also made a preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Weiss*, 2006 WL 197036, at *4. He has shown that he, like other putative class members, purchased FAZ Fund shares at prices alleged to have been artificially inflated by Defendants' misstatements and was damaged thereby. *See Drexel v. Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted). He has also shown that he would adequately represent the class. He was the first party to file a complaint against Defendants; he appears to make the same type of claim as the other class members; he has retained experienced counsel; and he has indicated that his interests are not antagonistic to those of the other class members. Therefore, unless the other movants can come forward with proof to rebut the presumption that Stoopler should be appointed as lead plaintiff, the Court should appoint Stoopler to represent purchasers of the FAZ Fund. *See Weiss*, 2006 WL 197036, at *3 ("[o]nce the presumptive lead plaintiff has been determined, other class members may rebut the designation with proof that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'") (citations omitted).

Two of the other movants for appointment as lead plaintiff now appear to agree that Stoopler should be the lead plaintiff. After the lead plaintiff motions were filed, the FAZ Investor filed a memorandum supporting Stoopler's appointment (but arguing that if the Court declined to appoint Stoopler, they would be the next most adequate lead plaintiff). Lau and Dre Enterprises did not oppose Stoopler's motion, implicitly

6

conceding that Stoopler would be an adequate lead plaintiff.  Only Woska opposes Stoopler's appointment and has renewed his request to serve as lead plaintiff.

However, Woska has not met his burden to show that Stoopler will not adequately represent the interests of the class or is subject to unique defenses.  Woska makes two arguments regarding Stoopler's alleged inadequacy to serve as lead plaintiff, but neither is availing.  First, Woska contends that the chart submitted by Stoopler to the Court showing his share purchases, sales, and losses was riddled with errors, reflecting a lack of skill and diligence on the part of Stoopler and his counsel.  However, it appears that Woska simply misunderstood Stoopler's submission.  According to Stoopler, the chart he submitted depicts the *settlement date* of the trade (which is three days after the trading date) and not the trading date, and accurately reflects the settlement price.  As there is no evidence to the contrary, Woska has not shown that Stoopler and his counsel lack the skill and diligence needed to represent the class.

Woska's second argument is that Stoopler's claims are not typical of the class because Stoopler was allegedly an aggressive day trader whose losses were not based on the Defendant's misrepresentations but on his day trading.  In his reply brief, Stoopler admits that he engaged in day trading early in the Class Period, but points to stock trade data showing that later in the Class Period, he purchased and held a large number of shares over a longer time period, and therefore suffered the same types of losses by virtue of Defendants' misrepresentations as non-day-traders.  Thus, even if Stoopler is subject to a unique defense based on his day trading during the earlier part of the Class Period, that defense would not apply in the later part of the Class Period, and Stoopler is capable

of representing the class.² Because Woska has not rebutted the presumption that Stoopler is the most adequate lead plaintiff, the Court hereby appoints Stoopler to represent holders of the FAZ Fund. *See Weiss*, 2006 WL 197036, at *3

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). Stoopler has submitted information that his chosen counsel, Federman & Sherwood, have served as lead or co-lead counsel in several securities fraud class actions, and are otherwise well-qualified. Accordingly, the Court appoints Federman & Sherwood as lead counsel to represent holders of the FAZ Fund.

### ii.     The ERY Fund

Both Schwack and Lee initially filed motions seeking to be appointed as lead to plaintiff to represent the holders of the ERY Fund. However, they subsequently notified the Court that they would agree to be appointed as co-lead plaintiffs and to have their respective counsel appointed as co-lead counsel to represent holders of the ERY Fund. No party has opposed their appointment. Having reviewed the motions, the Court finds that Schwack and Lee would be adequate class representatives and hereby appoints them as co-lead plaintiffs to represent holders of the ERY Fund. Moreover, their respective counsel have served as lead counsel in other securities fraud class actions, and are otherwise well-qualified, and accordingly, the Court appoints them as co-lead counsel to represent holders of the ERY Fund.

---

² Woska's pattern of trading, while on a smaller scale, also reveals day trading activity in the earlier part of the Class Period, so Woska appears to be no more of an adequate plaintiff than Stoopler (and, of course, has a much smaller financial stake in the litigation than Stoopler).

8

## CONCLUSION

For these reasons, above-captioned actions are consolidated for pre-trial purposes. The caption of the Consolidated Action shall be *"In re Direxion Shares ETF Trust."* All relevant documents and submissions shall be maintained as one file under Master File No. 09-cv-08011(RJH). The Clerk of the Court is directed to close the following four docket entries: 09cv08375, 09cv08459, 10cv00271 and 10cv00273. The parties are directed to submit a joint stipulation concerning the filing of any consolidated amended complaint and a proposed case management plan within thirty (30) days of this Order.

Evan Stoopler is hereby appointed as lead plaintiff, and Federman & Sherwood is appointed as lead counsel, to represent holders of the FAZ Fund. Howard Schwack and William Lee are appointed as co-lead plaintiffs, and Wolf Haldenstein Adler Freeman & Herz LLP and Gilman and Pastor LLP are appointed as co-lead counsel, to represent holders of the ERY Fund. The Court reserves the right to modify this lead plaintiff structure in the event that it becomes unmanageable. The Clerk of the Court is directed to terminate all pending motions in the five above-captioned actions.

SO ORDERED.

Dated: New York, New York
       August 12, 2010

Richard J. Holwell
United States District Judge