Joanna A. Diakos (JD 7269)
Sarah P. Kenney (SK 5642)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: joanna.diakos@klgates.com
       sarah.kenney@klgates.com
Phone: (212) 536-3900
Fax:   (212) 536-3901

Jeffrey B. Maletta (admitted *pro hac vice*)
Nicholas G. Terris (admitted *pro hac vice*)
1601 K Street, NW
Washington, D.C. 20006-1600
Email: jeffrey.maletta@klgates.com
       nicholas.terris@klgates.com
Phone: (202) 778-9000
Fax:   (202) 778-9100

*Counsel for Defendants Direxion Shares ETF Trust,
Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III,
John Weisser and Rafferty Asset Management, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re DIREXION SHARES ETF TRUST | Civil Action No. 1:09-CV-08011-KBF |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

I. THE COMPLAINT FAILS TO ADEQUATELY ALLEGE COMPLIANCE WITH THE STATUTE OF LIMITATIONS ............................................................................. 2

    A. The FAZ Plaintiffs ............................................................................................. 2

        1. Stoopler .................................................................................................. 2

        2. Haas ....................................................................................................... 2

        3. Behnken ................................................................................................. 3

        4. Remmells ............................................................................................... 3

    B. The ERY Plaintiffs ............................................................................................. 4

        1. Schwack ................................................................................................. 4

        2. Killmon .................................................................................................. 4

II. PLAINTIFFS AGAIN HAVE FAILED TO FILE PSLRA CERTIFICATIONS .............. 5

III. THE ERY PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF REPOSE ................................................................................................ 5

    A. Absent Relation Back, the Statute of Repose Bars the ERY Claims ..................... 6

    B. The Statute of Repose Does Not Allow for Tolling or Relation Back ................... 6

    C. Plaintiffs Have Not Alleged Compliance with the Statute of Repose .................... 8

IV. THE COMPLAINT IMPROPERLY ASSERTS CLAIMS CONCERNING FUNDS OTHER THAN FAZ and ERY ........................................................................... 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

Beach v. Ocwen Fed. Bank,
 523 U.S. 410 (1998) ............................................................................................................7

Brennan v. Kulick,
 407 F.3d 603 (3d Cir. 2005) ...............................................................................................6

Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.,
 29 F.3d 222, 225 (1st Cir. 1997) .........................................................................................3

First Methodist Church of Hyattsville v. United States Gypsum Co.,
 882 F.2d 862 (4th Cir. 1989) ...........................................................................................6-7

Footbridge Ltd. Trust v. Countrywide Fin. Corp.,
 770 F. Supp. 2d 618 (S.D.N.Y. 2011) .................................................................................7

In re Chaus Sec. Litig.,
 801 F. Supp. 1257, 1266 (S.D.N.Y. 1992) ......................................................................2, 3

In re Direxion Shares ETF Trust,
 No. 09 Civ 8011 (KBF), 2012 WL 259384 (S.D.N.Y. Jan. 27, 2012) .......................*passim*

In re Eaton Vance Corp. Sec. Litig.,
 219 F.R.D. 38 (D. Mass. 2003) ...........................................................................................5

In re Franklin Mut. Funds Fee Litig.,
 478 F. Supp. 2d 677 (D.N.J. 2007) .....................................................................................7

In re Indymac Mortg. Backed Sec. Litig.,
 793 F. Supp. 2d 637 (S.D.N.Y. 2011) .................................................................................7

In re IPO Sec. Litig.,
 227 F.R.D. 65, 117-118 (S.D.N.Y. Oct. 2004) ...................................................................9

In re Lehman Bros. Sec. and ERISA Litig.,
 799 F. Supp. 2d 258 (S.D.N.Y. 2011) .................................................................................7

In re Lehman Bros. Secs. and ERISA Litig.,
 800 F. Supp. 2d 477 (S.D.N.Y. 2011) .................................................................................7

In re Morgan Stanley Mortg. Pass-Through Certificates Litig.,
 810 F. Supp. 2d 650 (S.D.N.Y. 2011) .............................................................................3, 7

ING Principal Prot. Funds Derivative Litig.,
    369 F. Supp. 2d 163 (D. Mass. 2005) ..................................................................7

Jensen v. Snellings,
    841 F.2d 600 (5th Cir. 1988) ..............................................................................4

Krim v. pcOrder.com, Inc.,
    402 F.3d 489 (5th Cir. 2005) ..............................................................................9

Krinsk v. Fund Asset Mgmt. Inc.,
    No. 85 Civ 8428 (JMW), 1986 WL 205 (S.D.N.Y. May 9, 1986) ......................7

Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,
    501 U.S. 350 (1991) ...........................................................................................7

Lorber v. Beebe,
    407 F. Supp. 279, (S.D.N.Y. 1975) .....................................................................9

Merck & Co. Inc. v. Reynolds,
    130 S. Ct. 1784, 1798 (2010) ..............................................................................3

Miguel v. Country Funding Corp.,
    309 F.3d 1161 (9th Cir. 2002) ............................................................................7

Miles v. Merril Lynch & Co., Inc.,
    471 F.3d 24 (2d Cir. 2006)..................................................................................9

Novella v. Empire State Carpenters Pension Fund,
    No. 5 Cv 2079 (BDJ), 2009 WL 812271 (S.D.N.Y. Mar. 26, 2009) ..................6

P. Stolz Family P'ship L.P. v. Daum,
    355 F.3d 92 (2d Cir.2004) ..................................................................................8

**STATUTES**

15 U.S.C. § 77m .............................................................................................*passim*

15 U.S.C. § 80a-24(e) .................................................................................................8

17 C.F.R. § 229.512(a)(2).............................................................................................8

17 C.F.R. § 230.430B(f)(2)...........................................................................................8

**RULE**

Fed. R. Civ. P. 15(c) ...................................................................................................6, 7

**OTHER AUTHORITIES**

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990) ...............................................6

H.R. Rep. No. 83-1542 (1954), *reprinted in* 1954 U.S.C.C.A.N. 2973, 3004 .......................8

Schwack complaint and PSLRA certification, Schwack v. ProShares Trust, No. 1:10-cv-00272-JGK (January 13, 2010), ECF No. 1............................................................................4

## PRELIMINARY STATEMENT[1]

Plaintiffs' prior pleading failed adequately to allege compliance with the limitations period. Order at 19-20. However, the Court generously afforded plaintiffs an opportunity to file a **fourth** complaint "alleg[ing] – with the requisite specificity – compliance with the statute of limitations as to each plaintiff (regardless of math or tolling)." Order at 22 (citation omitted).

Plaintiffs' latest effort – the Third Consolidated Amended Class Action Complaint ("Complaint" or "Compl.") – again fails to properly plead a claim.

First, plaintiffs still offer impermissibly conclusory allegations, and the ERY plaintiffs have not adequately alleged timely claims.

Second, plaintiffs again failed to comply with the PSLRA's certification requirement, which may explain the Complaint's vagueness.

Third, the claims of the ERY plaintiffs are barred by the statute of repose because the claims of the ERY plaintiffs in the SAC were dismissed without prejudice; tolling and relation back cannot extend the period of repose; and the current Complaint was filed more than three years after ERY was *bona fide* offered to the public.

Fourth, plaintiffs improperly assert claims concerning funds other than FAZ and ERY.

---

[1]   Capitalized terms and abbreviations not defined herein have the meanings ascribed to them in the Court's opinion and order entered January 27, 2012, dckt. no. 85 (the "Order"). The opinion is available at In re Direxion Shares ETF Trust, No. 09 Civ 8011 (KBF), 2012 WL 259384 (S.D.N.Y. Jan. 27, 2012), but all page citations herein are to the slip opinion.

1

I.  THE COMPLAINT FAILS TO ADEQUATELY ALLEGE COMPLIANCE WITH THE STATUTE OF LIMITATIONS

   A.  The FAZ Plaintiffs

      1.  Stoopler

Stoopler's factual allegations regarding his discovery of the alleged misstatements or omissions are as follows:

> Plaintiff Stoopler had sustained very large losses from his FAZ Fund investments, but could not understand why. However, by July 2009 information came to Stoopler's attention that indicated investments in FAZ should not have been, and should not be, held beyond the trading session in which they had been, or are, purchased. At that point, Plaintiff Stoopler became concerned about Direxion's disclosures, so he referred the matter to his attorney for further investigation.

Compl. ¶ 352.b.

The conclusory averment that "information" came to his attention "by July 2009" pleads the approximate time but nothing about the circumstances of discovery. It is clearly insufficient. See In re Chaus Sec. Litig., 801 F. Supp. 1257, 1266 (S.D.N.Y. 1992) (dismissing complaint that "does not state the significance of this 'report,' why it triggered plaintiff's 'investigation,' or how, why or when plaintiffs came to 'discover' the asserted fraud").

      2.  Haas

Haas's allegations are inadequate for substantially the same reason. Haas merely alleges that "[s]ometime around July 2009" he "learned that the Defendants had failed to make full and truthful disclosures" based on "information that was published in an article linked to the Google Finance website." Compl. ¶ 352.k. Haas must plead at least some relevant facts about the article (e.g., its title and/or what it disclosed that led him to conclude that defendants had made misstatements or omissions). See In re Chaus, 801 F. Supp. at 1266.

### 3. Behnken

Behnken effectively concedes a significant premise of defendants' argument: where, as in this case, plaintiffs allege that the funds' investment returns diverged so sharply from plaintiffs' expectations, the losses themselves reveal the allegedly omitted "magnitude of the risk," Order at 23, and thus trigger the running of the limitations period, or at least serve as a storm warning that would quickly lead an inquiring plaintiff to discover the alleged misstatements.[2]

Behnken alleges that he began to have "suspicions that the Defendants had failed to make full and truthful disclosures" when he "noticed, based on the returns on his FAZ investments relative to the returns of the market as a whole and the returns of [FAZ's underlying index], that his FAZ investment had not performed as he would have expected." See Compl. ¶ 352.h.

Moreover, it is impermissibly vague for Behnken to allege that he noticed the difference between his alleged expected and the actual performance of FAZ "[s]ometime in 2009." Compl. ¶ 352.h. See In re Morgan Stanley Mortg. Pass-Through Certificates Litig., 810 F. Supp. 2d 650, 663 (S.D.N.Y. 2011) ("Plaintiffs' allegation regarding discovery in 'late 2008' is vague").

### 4. Remmells

Remmells alleges that, on or about November 10, 2009, he discovered the alleged misstatements "when he sought legal advice in connection with his loss on the investment." Compl. ¶ 352.q. But Remmells alleges nothing about when he discovered his loss or what triggered his decision to seek legal advice at this time. See In re Chaus, 801 F. Supp. at 1266 (rejecting complaint that did not plead how plaintiff came to discover the alleged misstatements

---

[2] An inquiring plaintiff would promptly discover the alleged misstatements by, for example, speaking with his broker, performing Internet research, or simply reviewing the funds' historical performance. Thus, it is immaterial here whether knowledge of losses counts as "discovery of the untrue statement or omission," 15 U.S.C. § 77m, or merely storm warnings that "would have prompted a reasonably diligent plaintiff to begin investigating," Merck & Co. Inc. v. Reynolds, 130 S. Ct. 1784, 1798 (2010). See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 129 F.3d 222, 225 (1st Cir. 1997) (in generally similar circumstances, the "time between [the date of storm warnings and the date of discovery] ... is not likely to be long enough to affect the outcome").

and "merely allege[d] that on some undetermined date, plaintiffs consulted with counsel who conducted an 'investigation'"). See also Jensen v. Snellings, 841 F.2d 600, 609 (5th Cir. 1988) ("The requisite knowledge, actual or constructive, needed to begin the running of the prescriptive period is merely that of the underlying facts, not that of the legal cause of action itself.").

### B. The ERY Plaintiffs

#### 1. Schwack

As with Remmells, Schwack's averment that he "first learned" of the alleged misstatements "when he sought legal advice," Compl. ¶ 352.e. must be rejected because it fails to plead the discovery that prompted Schwack to seek legal advice in the first place.

Further, Schwack's original PSLRA certification in this action neglects to mention that Schwack apparently purchased shares of similar leveraged inverse ETF's (ProShares) in September 2008 and subsequently filed a complaint in the similar litigation involving those funds. See Schwack complaint and PSLRA certification in ProShares Litigation, Schwack v. ProShares Trust, No. 1:10-cv-00272-JGK (January 13, 2010), ECF No. 1. Schwack's alleged 2008 losses in ProShares should have alerted Schwack to the allegedly omitted risks more than a year before the January 13, 2010 filing of his complaint in this case.

#### 2. Killmon

Killmon remarkably alleges that he "did not know," and "had no reason to know" of the alleged misstatements and omissions until "approximately October 27, 2010," Compl. ¶ 352.n. This was nearly 18 months after Direxion issued the April 2009 updated versions of its prospectus and SAI that even plaintiffs have admitted (and the Court has found) clearly disclosed the relevant risks. See, e.g., Compl. ¶¶ 8-9, 53-56; Order at 7-9.

## II. PLAINTIFFS AGAIN HAVE FAIILED TO FILE PSLRA CERTIFICATIONS

The PSLRA mandates that each plaintiff seeking to serve as a representative party provide a sworn certification attesting, among other things, that he has "reviewed" and "authorized" the filing of the operative complaint.[3] While recognizing that plaintiffs had not filed the requisite certifications, the Court generously allowed plaintiffs' counsel to cure this deficiency by representing at oral argument "that their clients all read the SAC prior to its filing, as required by the PSLRA." Order at 27.

Plaintiffs again have failed to file the requisite certifications with the latest iteration of the Complaint. This is "fatal to the maintenance of the putative class action." In re Eaton Vance Corp. Sec. Litig., 219 F.R.D. 38, 42 (D. Mass. 2003) (citation and internal quotation marks omitted). And given that facts relevant to each plaintiff's discovery of the alleged misstatements are peculiarly within his knowledge, the failure to involve plaintiffs as the Reform Act requires may explain the Complaint's impermissibly vague allegations.

## III. THE ERY PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF REPOSE

The Court correctly dismissed the claims of the two ERY plaintiffs (Schwack and Killmon) in light of their "failure to plead compliance with the applicable statute of limitations." Order at 42. See also id. at 17-22. Plaintiffs filed the current Complaint on February 10, 2012. This was more than three years after ERY was bona fide offered to the public on November 8, 2008 and again on December 9, 2008. See Order at 5. Accordingly, plaintiffs have failed to adequately allege compliance with the applicable statute of repose. 15 U.S.C. § 77m.

---

[3] See Direxion Defendants Memorandum of Law in Support of their Motion to Dismiss (filed June 10, 2011), ECF No. 65 at 20; Direxion Defendants Reply Memorandum of Law in Support of their Motion to Dismiss, (filed September 28, 2011), ECF No. 69 at 9-11.

### A.     Absent Relation Back, the Statute of Repose Bars the ERY Claims

A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) (citations and internal punctuation omitted); see also Novella v. Empire State Carpenters Pension Fund, No. 5 Cv. 2079 (BSJ), 2009 WL 812271, at *3 n.6 (S.D.N.Y. Mar. 26, 2009) (same). As a result, "the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Brennan, 407 F.3d at 606 (citation omitted).

This principle is often subject to a significant qualification: "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions." Id. at 607. See also Fed. R. Civ. P. 15(c)(1)(B) (relation back rule).[4]

The Court dismissed the ERY plaintiffs' claims without prejudice for failure to state a claim. Thus, absent tolling or relation back, the ERY plaintiffs' prior complaints must be "treated as if [they] never existed." Brennan, 407 F.3d at 606. And the ERY plaintiffs' claims would be time barred because the current Complaint was filed after the period of repose expired.

### B.     The Statute of Repose Does Not Allow for Tolling or Relation Back

The claims of the ERY plaintiffs are indeed time barred because relation back or tolling pursuant to Fed. R. Civ. P. 15(c)(1)(B) cannot extend the statute of repose in Section 13.

Unlike a statute of limitations, "a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason." First Methodist Church

---

[4] Cf. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 at 556-59 (2d ed. 1990) ("the date on which the original pleading was filed continues to be relevant *if the amended pleading relates back under Rule 15(c),*" id. at 559.) (emphasis added).

of Hyattsville v. United States Gypsum Co., 882 F.2d 862, 866 (4th Cir. 1989) (citations and internal quotation marks omitted). See also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991). Accordingly, the more persuasive authorities in this district and elsewhere recognize that Section 13 and similar statutes of repose may not be extended by Fed. R. Civ. P. 15(c) or American Pipe judicial tolling. For example, In re Lehman Bros. Sec. and ERISA Litig., 799 F. Supp. 2d 258 (S.D.N.Y. 2011), observed that no "form of tolling may be invoked to avoid the three year statute of repose set forth in Section 13 of the Securities Act of 1933." Id. at 310. Thus:

> The added plaintiffs here cannot avoid the statute of repose on a 'relation back' theory under Fed. R. Civ. P. 15(c) because the statute of repose by its terms allows no exceptions. Indeed, Rule 15 could not be properly construed to permit relation back because such a construction would conflict with the Rules Enabling Act, which provides in pertinent part that the rules prescribed by the Supreme Court (including Rule 15) 'shall not abridge, enlarge, or modify any substantive right.'

Id. (footnotes omitted). See also In re Indymac Mortg. Backed Sec. Litig., 793 F. Supp. 2d 637, 642-43 (S.D.N.Y. 2011) (similar); Footbridge Ltd. Trust v. Countrywide Fin. Corp., 770 F. Supp. 2d 618 (S.D.N.Y. 2011) (statutes of repose applicable to Securities Act of 1933 claims are not subject to class action tolling); In re Lehman Bros. Secs. and ERISA Litig., 800 F. Supp. 2d 477, 481-83 (S.D.N.Y. 2011) (similar).[5] Cf. Beach v. Ocwen Fed. Bank, 523 U.S. 410 (1998) (absent "the clearest congressional language to the contrary," id. at 415, a defendant may plead a claim for recoupment after the statute of limitations runs but not after expiration of a statute of repose).

---

[5] See also Krinsk v. Fund Asset Mgmt. Inc., No. 85 Civ. 8428 (JMW), 1986 WL 205, at *3 (S.D.N.Y. May 9, 1986); Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002); In re Franklin Mut. Funds Fee Litig., 478 F. Supp. 2d 677, 685 (D.N.J. 2007); ING Principal Prot. Funds Derivative Litig., 369 F. Supp. 2d 163, 170-71 (D. Mass. 2005). Contra In re Morgan Stanley Mortg. Pass Through Certificates Litig., 810 F. Supp. 2d 650, 666-70 (S.D.N.Y. 2011).

### C.     Plaintiffs Have Not Alleged Compliance with the Statute of Repose

Because tolling and relation back are unavailable and because the current Complaint was filed more than three years after ERY was bona fide offered to the public on November 8, 2008 and again on December 9, 2008, see Order at 5, claims based on securities issued pursuant to these registration statements are barred by the statute of repose.  See generally P. Stolz Family P'ship v. Daum, 355 F.3d 92 (2d Cir. 2004) (repose period commences when an offer is *first* bona fide offered to the public).

The Complaint alleges that a post-effective amendment to Direxion's registration statement on December 17, 2008 became effective on February 15, 2009.  Compl. ¶ 221.  And earlier certifications by ERY plaintiffs Schwack and Killmon alleged some purchases of ERY shares in March and early April 2009.  Such purchases were after the February 2009 registration statement became effective but before the allegedly corrective April 10, 2009 disclosures.

Thus, the ERY plaintiffs might have argued that claims relating to share purchases between February 15, 2009 and April 10, 2009 are not barred by the statute of repose if they had alleged that their purchases were of securities traceable to the February 15, 2009 registration statement rather than of securities traceable to earlier registration statements.  See Order at 9 (citing 15 U.S.C. § 77m; 17 C.F.R. § 230.430B(f)(2); 17 C.F.R. § 229.512(a)(2) ("each such post-effective amendment shall be deemed to be a new registration statement *relating to the securities offered therein*, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof") (emphasis added).[6]

---

[6] See also 15 U.S.C. § 80a-24(e) (for purposes of Section 11, "the effective date of the latest amendment filed shall be deemed the effective date of the registration statement with respect to securities sold after such amendment shall have become effective"; and, for purposes of Section 13 "no such security shall be deemed to have been bona fide offered to the public prior to the effective date of the latest amendment filed pursuant to this subsection); H.R. Rep. No. 83-1542 (1954), *reprinted in* 1954 U.S.C.C.A.N. 2973, 3004 ("the periods of limitation on actions provided by section 13 of the Securities Act start anew *with respect to securities sold thereafter* each time such registration statement is effectively amended") (emphasis added).

But plaintiffs have not specified which version of the registration statement their shares were issued under. They merely allege that they purchased shares "pursuant or traceable to Direxion's [registration statement] ... issued in connection with the Bear Fund's shares... on or after November 3, 2008, and during the class period." See Compl. ¶ 61; see also ¶¶ 81, 97, 346.

Indeed, given that they were presumably secondary market purchasers of ETF shares,[7] plaintiffs may not know which iteration of the registration statement their shares were issued under. And mere speculation by plaintiffs is insufficient. See, e.g., In re IPO Sec. Litig., 227 F.R.D. 65, 117-118 (S.D.N.Y. Oct. 2004) (it is "insufficient" that a plaintiff's shares "might have been issued pursuant to a defective registration statement"; "tracing may be established either through proof of a direct chain of title ... or through proof that the owner bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement ... even where the open market is predominantly or overwhelmingly composed of registered shares, plaintiffs are not entitled to a presumption of traceability"), vacated on other grounds, Miles v. Merrill Lynch & Co., Inc., 471 F.3d 24 (2d Cir. 2006).[8]

In short, the ERY plaintiffs have failed to meet their burden of alleging compliance with the statute of repose with respect to any of their share purchases.

## IV. THE COMPLAINT IMPROPERLY ASSERTS CLAIMS CONCERNING FUNDS OTHER THAN THE FAZ AND ERY

The Court held that, unless the ERY plaintiffs successfully replead "this action is limited to a purported class of purchasers in Direxion's FAZ Fund." Order at 42. Nonetheless, the current Complaint reasserts claims on behalf of funds other than the FAZ and ERY. See, e.g.,

---

[7] See Compl. ¶ 87; Direxion Defendants' Memorandum of Law in Support of their Motion to Dismiss, (filed June 10, 2011), ECF No. 65 at 5.

[8] See also Krim v. pcOrder.com, Inc., 402 F.3d 489 (5th Cir. 2005) (similar); Lorber v. Beebe, 407 F. Supp. 279, (S.D.N.Y. 1975), amended, 407 F. Supp. 279 (S.D.N.Y. 1976) (insufficient to show plaintiff possibly purchased shares covered by registration statement).

Compl. ¶¶ 2, 13, 20, 61, 74, 81, 85, 183, 296. Accordingly, the Complaint should be dismissed and plaintiffs should be directed to refile a complaint limited to claims relating to FAZ.

## CONCLUSION

The Complaint should be dismissed with prejudice.


Dated: New York, New York
       February 24, 2012

                                        K&L GATES LLP

                                        By:  /s/ Nicholas G. Terris
                                        _____
                                        Joanna A. Diakos (JD 7269)
                                        Sarah P. Kenney (SK 5642)
                                        K&L Gates LLP
                                        599 Lexington Avenue
                                        New York, New York  10022-6030
                                        Email: joanna.diakos@klgates.com
                                               sarah.kenney@klgates.com
                                        Phone: (212) 536-3900
                                        Fax:   (212) 536-3901

                                        Jeffrey B. Maletta (admitted *pro hac vice*)
                                        Nicholas G. Terris (admitted *pro hac vice*)
                                        1601 K Street, NW
                                        Washington, DC 20006-1600
                                        E-mail: jeffrey.maletta@klgates.com
                                                nicholas.terris@klgates.com
                                        Phone: (202) 778-9000
                                        Fax:   (202) 778-9100

                                        *Counsel for Defendants Direxion Shares ETF Trust, Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III, John Weisser and Rafferty Asset Management, LLC*