UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re DIREXION SHARES ETF TRUST | Civil Action No. 1:09-CV-08011-KBF |
|---|---|

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

William B. Federman
wbf@federmanlaw.com
Stuart Emmons
swe@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Phone: (405) 235-1560
Fax: (405) 239-2112

*Lead Counsel for the FAZ Plaintiffs and Proposed Class*

Kenneth G. Gilman
kgilman@gilmanpastor.com
Rene Potkay
rpotkay@gilmanpastor.com
**GILMAN AND PASTOR, LLP**
16 14th Avenue
Wareham, MA  02571
Phone: (508) 291-8400
Fax: (508) 291-3258

Mark C. Rifkin
rifkin@whafh.com
Alan Weiss
aweiss@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016
Phone:  (212) 545-4600
Fax:  (212) 545-4653

*Co-Lead Counsel for the ERY Plaintiffs and Proposed Class*

**TABLE OF CONTENTS**

I. THE TAC ADEQUATELY ALLEGES THAT EACH PLAINTIFF SATISFIES THE STATUTE OF LIMITATIONS ............................................................1

    A. Lead Plaintiff Stoopler Timely Commenced The FAZ Action .............................2

    B. Lead Plaintiff Schwack Timely Commenced The ERY Action............................3

    C. The Other FAZ Plaintiffs' Claims are Timely.......................................................4

    D. Plaintiff Killmon's ERY Claims are Timely .........................................................5

II. THE TAC ADEQUATELY ALLEGES THAT THE ERY PLAINTIFFS SATISFIED THE STATUTE OF REPOSE ...................................................................6

III. PLAINTIFFS HAVE FILED THEIR PSLRA CERTIFICATIONS.................................9

IV. THE COURT HAS RULED ON CLAIMS ON BEHALF OF FUNDS OTHER THAN FAZ AND ERY .......................................................................................10

V. CONCLUSION ................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974) ............................................................................................... 4, 5, 6, 8

*Brennan v. Kulick*,
   407 F.3d 603 (3d Cir. 2005) .................................................................................................7

*In re Chaus Securities Litig.*,
   801 F. Supp. 1257 (S.D.N.Y. 1992) ............................................................................. 3, 4, 5

*City of Pontiac General Employees' Retirement System v. MBIA, Inc.*,
   637 F.3d 169 (2d Cir. 2011) ......................................................................................... 2, 4, 5

*In re Eaton Vance Corp. Securities Litig.*,
   219 F.R.D. 38 (D. Mass. 2003) ...........................................................................................9

*International Fund Management S.A. v. Citigroup Inc.*,
   Nos. 09 Civ. 8755 (SHS), 10 Civ. 7202 (SHS), 10 Civ. 9325 (SHS), 11 Civ. 314,
   2011 U.S. Dist. LEXIS 113660 (S.D.N.Y. Sept. 30, 2011) ....................................................8

*In re IPO Securities Litig.*,
   227 F.R.D. 65 (S.D.N.Y. Oct. 13, 2004) ..............................................................................9

*Jensen v. Snellings*,
   841 F.2d 600 (5th Cir. 1988) ...............................................................................................5

*LC Capital Partners, LP v. Frontier Insurance Group, Inc.*,
   318 F.3d 148 (2d Cir. 2003) ............................................................................................ 1, 4

*Merck & Co. v. Reynolds*,
   130 S. Ct. 1784 (2010) ........................................................................................................4

*In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*,
   Civ. No. 09-2137,
   2011 U.S. Dist. LEXIS 104280 (S.D.N.Y. Sept. 15, 2011) ............................................ 2, 5, 8

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
   Civ. No. 08-8781,
   2011 U.S. Dist. LEXIS 46066 (S.D.N.Y. Apr. 28, 2011) ......................................................5

*Novella v. Empire State Carpenters Pension Fund*,
   Civ. No. 05-2079 (BSJ),
   2009 WL 812271 (S.D.N.Y. Mar. 26, 2009) ........................................................................7

*P. Stolz Family Partnership v. Daum*,
  355 F.3d 92 (2d Cir. 2004) ..................................................................................................6

*Plumbers' & Pipefitters' Local #562 v. J.P. Morgan Acceptance Corp. I*,
  Civ. No. 08-1713 (ERK) (WDW),
  2011 U.S. Dist. LEXIS 152695 (E.D.N.Y. Dec. 13, 2011).........................................................8

**STATUTES AND RULES**

  15 U.S.C. § 77m.......................................................................................................................1

Federal Rule of Civil Procedure
  12(b)(6).....................................................................................................................................4
  23.............................................................................................................................................8

Plaintiffs, by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Third Consolidated Amended Class Action Complaint ("TAC").

I.  **THE TAC ADEQUATELY ALLEGES THAT EACH PLAINTIFF SATISFIES THE STATUTE OF LIMITATIONS**

"Claims brought under the Securities Act must be 'brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence.'" Opinion & Order (the "Order") at 18 (quoting 15 U.S.C. § 77m). Plaintiffs easily satisfy their pleading burden regarding the statute of limitations with detailed allegations in the TAC setting forth: (i) when each Plaintiff first learned of the risks of holding Bear Fund shares for longer than a single trading session; (ii) the circumstances of their discovery; (iii) their efforts to discover the risks; and (iv) why they did not investigate sooner.[1]

*First*, the Court already sustained the claims of Stoopler, Haas, Behnken, and Remmells based on their investments in the FAZ Fund, and these claims are not at issue here. Order at 21, 42-42. *Second*, there is no dispute that Plaintiffs were unable to discover Defendants' misstatements or omissions before Direxion materially altered its disclosures in the April 10, 2009, Supplemental Prospectus ("April 10 Prospectus"). Plaintiffs allege that Direxion did not disclose the nature and extent of the risk of holding the Bear Funds for longer than a single trading day before April 10, 2009. Order at 7-9. Before that date, Plaintiffs allege they did not

---

[1] A statute of limitations defense may be resolved at the pleadings stage only if the relevant facts "can be gleaned from the complaint and papers . . . integral to the complaint." *LC Capital Partners, LP v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 156 (2d Cir. 2003). Defendants have not identified ***any*** relevant facts gleaned from the TAC or any papers integral to the TAC that would permit the Court to determine that any of the Plaintiffs' claims were untimely. Nor have Defendants identified in their motion to dismiss any public filing, statement, article, report, or other source of information disclosing the omitted information.

have the facts necessary to understand the nature and the magnitude of the risks associated with their investments.  Order at 24-26.  All Plaintiffs now allege they did not know the risk of investing in Bear Funds until *after* April 10, 2009.  TAC ¶¶ 352 (a), (d), (g), (j), (m), and (p).

Before April 10, 2009, a reasonable investor conducting a timely investigation would not have uncovered the facts constituting a violation of the Securities Act.  *See City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011).  Even if the April 10 Prospectus would have informed a reasonable investor that material facts about the risk of investing in Bear Fund shares were omitted from or misstated in the November and December Prospectuses – and Plaintiffs do not concede that was the case – all of the actions were timely commenced within one year of that date.

More importantly, the TAC clearly and specifically details the time and circumstances of each Plaintiff's actual discovery of the facts related to Defendants' material misstatements and omissions.  TAC ¶ 352.  Unlike *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137, 2011 U.S. Dist. LEXIS 104280, at *32 (S.D.N.Y. Sept. 15, 2011), Plaintiffs here have not pled vague time frames regarding their discovery of the omitted or misstated risks: each Plaintiff has identified the dates establishing his compliance with the statute of limitations.

      A.    **Lead Plaintiff Stoopler Timely Commenced The FAZ Action**

Lead Plaintiff Stoopler filed the first FAZ complaint on September 18, 2009, less than one year after the April 10 Prospectus was issued; indeed, less than one year after any Bear Funds were first sold to the public on November 8, 2008.  TAC ¶ 352(c).  Simply as a matter of math, the Court held those dates "*conclusively*" establish that Stoopler's claims were timely brought."  Order at 20 (emphasis added).

Despite the Court's definitive holding, Defendants nonetheless argue that his new "conclusory averments" – specifying that he first discovered that Direxion failed to disclose the

2

nature of the material risks of his investment in FAZ shares "[i]n or about July 2009" – do not adequately allege that he complied with the statute of limitations.[2] Def. Br. at 2. Mr. Stoopler's new allegations do not change the "simple math" in the least. Order at 20. Defendants' argument to the contrary is sheer nonsense, and requires no further response.

### B.      Lead Plaintiff Schwack Timely Commenced The ERY Action

Lead Plaintiff Schwack filed the first ERY complaint on January 13, 2010, less than one year after the April 10 Prospectus was issued, and only six weeks after he first learned of the undisclosed risks when he consulted an attorney about his losses around November 24, 2009. TAC ¶ 352(e). Before that date, Mr. Schwack did not know that ERY shares were intended to be bought and sold during the same trading session. *Id*. Thus, Mr. Schwack commenced his action less than one year after he first learned of the risks of investing in ERY shares. TAC ¶ 352(f).

Mr. Schwack plainly has alleged what prompted him to seek legal advice: he did not know that the ERY shares were intended to be bought and sold during the same trading session; he was "aware that he was losing money on his investment in ERY shares, but he could not understand why"; and "he sought legal advice in connection with his loss on the investment." TAC ¶¶ 352(d) and (e). Plainly, Mr. Schwack sought that advice to learn why he was losing money on his investment.[3] By contrast, in *In re Chaus Sec. Litig.*, 801 F. Supp. 1257, 1266 (S.D.N.Y. 1992) (Kram, J.), the plaintiffs did not "allege even in conclusory terms the

---

[2] Mr. Stoopler did not know FAZ shares were intended to be bought and sold during the same trading session before July 2009. TAC ¶ 352 (a) and (b). FINRA issued guidance about the risk of inverse ETFs on July 13, 2009, the Massachusetts Secretary of State announced a probe into leveraged ETF sales practices on July 15, 2009, and THE WALL STREET JOURNAL reported problems with leveraged ETFs on July 21 and 30, 2009. TAC ¶¶ 285-88.

[3] The substance of Mr. Schwack's communication with his counsel is, of course, privileged.

3

circumstances surrounding [their] discovery of the alleged fraud" or suggest any reason why they asked counsel to investigate. 801 F. Supp. at 1266.[4]

Defendants also argue that Mr. Schwack knew what risks were omitted in this case from his "alleged 2008 losses" on other ETFs. Def. Br. at 4. However, they do not explain, or even attempt to explain, how his losses on *different* ETFs from a *different* issuer in September 2008 and June and September 2009 could have alerted him, in any way, to the risks omitted from Direxion's November and December Prospectuses "more than a year before" he commenced this action. *See* Def. Br. at 4. There simply is *no* substance to Defendants' illogical *non sequitur*.[5]

### C. The Other FAZ Plaintiffs' Claims are Timely

The Court held that Plaintiffs Remmells, Haas, and Behnken, "were 'asserted members' of the putative class in the Stoopler action and thus, benefit from *American Pipe* tolling." Order at 21 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). Defendants have not questioned the Court's holding in the least. Therefore, Defendants' arguments challenging the adequacy of their statute of limitations allegations are completely irrelevant. *See* Order at 21 ("Even if their respective discoveries of the alleged misstatements and omissions are out of time . . . the statute of limitations was tolled as to their claims.")[6]

---

[4] *Chaus*, which applied a *subjective* statute of limitations test, was decided almost 20 years *before* the Second Circuit adopted the *objective* "reasonable investor/timely investigation" standard in *MBIA*, 637 F.3d at 175. Accordingly, *Chaus* is no longer relevant.

[5] Even if his losses on *other* securities raised a factual dispute outside the four corners of the TAC – which they do not – such a factual dispute might be appropriate for discovery or summary judgment, but it would not permit the Court to dismiss the TAC under Rule 12(b)(6) in any event. *See LC Capital Partners, LP,* 318 F.3d at 156.

[6] In the interest of brevity, Plaintiffs have not addressed the substance of all those arguments. Plaintiffs note that Defendants' "storm warnings" argument (Def. Br. at 3) is no longer valid. In *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1797 (2010), the Supreme Court did not use the term "storm warnings" at all. Following *Merck*, the Second Circuit did away with the "inquiry (continued…)

4

Additionally, all three Plaintiffs have adequately pled the time and circumstances of their discovery of the risks of investing in FAZ shares. Mr. Remmells alleges that he first discovered FAZ shares were intended to be bought and sold on the same day "on or about November 10, 2009." TAC ¶ 352(q).[7] Plaintiff Behnken alleges that he learned of the risks from a press release issued on September 18, 2009. TAC ¶ 352(h).[8] Plaintiff Haas alleges that he discovered the material risks associated with FAZ shares in July 2009 when he read an article on the Google Finance website. TAC ¶ 352(k).[9] These allegations are more than adequate, particularly since the Court has held that each of these Plaintiffs is entitled to *American Pipe* tolling.

### D.  Plaintiff Killmon's ERY Claims are Timely

Plaintiff Killmon joined the action on April 8, 2011, less than six months after he learned

---

(…continued)

notice" test in *MBIA*. Under the new test, the period does not begin to run until the plaintiff has enough information to plead a complaint capable of withstanding a motion to dismiss. *See MBIA,* 637 F.3d at 175. "Inquiry notice" is no longer relevant to the statute of limitations analysis. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 CV 8781, 2011 U.S. Dist. LEXIS 46066, at *23-24 (S.D.N.Y. Apr. 28, 2011) ("the Supreme Court recently rejected the use of inquiry notice to determine when the limitations period for a securities fraud claim begins").

[7] Unlike the plaintiffs in *Chaus*, 801 F. Supp. at 1266, Remmells specifically alleges that he "sought legal advice in connection with his loss on the investment" and the specific date when he consulted his attorney. TAC ¶ 352(q). In *Jensen v. Snellings*, 841 F.2d 600, 608-09 (5th Cir. 1988), the plaintiffs utterly failed to conduct any investigation whatsoever despite numerous facts that came to their attention, and therefore is inapposite.

[8] Unlike the plaintiffs in *Morgan Stanley*, No. 09 Civ. 2137, 2011 U.S. Dist. LEXIS 104280, at *32, Behnken has identified the date on which he made a full discovery of the risks related to his investments. TAC ¶ 352(g).

[9] Unlike the plaintiffs in *Chaus*, 801 F. Supp. at 1266, Haas alleges why the article was significant, how he came upon it, the information the article conveyed, and that it provided him with facts relevant to his claim. TAC ¶ 352(k). That he cannot recall the exact title or other details about the article nearly three years later is not unreasonable. Def. Br. at 2.


on October 27, 2010, that ERY shares were intended to be bought and sold on the same day. TAC ¶ 352 (o). Since Mr. Schwack's complaint was timely, Mr. Killmon is entitled to *American Pipe* tolling, and his claims are timely as well. *See* Order at 21.

## II. THE TAC ADEQUATELY ALLEGES THAT THE ERY PLAINTIFFS SATISFIED THE STATUTE OF REPOSE

The statute of repose for Section 11 claims begins to run with the effective date of the registration statement for the first bona fide offering. *See P. Stolz Family P'Ship v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004). Here, as all parties agree, the first bona fide offering of Bear Fund shares occurred on November 8, 2008. Order at 5. Thus, the statute of repose did not expire until November 8, 2011.

Every complaint in which a new plaintiff was added was commenced **before** November 8, 2011. Indeed, the Second Consolidated Amended Class Action Complaint ("SAC") – the operative complaint when Defendants filed their original motion to dismiss – was filed on April 8, 2011, seven months **before** the statute of repose expired. As a matter of simple math, Plaintiffs have complied with the three-year statute of repose. Moreover, in the TAC, they each allege that they commenced their actions within three years after the Prospectuses were issued. TAC ¶¶ 352(c), (f), (i), (l), (o), and (r).

Despite all these self-evident facts, Defendants argue that the ERY Plaintiffs' claims do not comply with the statute of repose. Defendants' incredulous argument treats the TAC as if it were the ***original*** complaint – rather than the third amended complaint – filed by any of the ERY Plaintiffs, effectively erasing more than two years of litigation. Def. Br. at 5. To make that convoluted argument, Defendants contend that the statute of repose was not tolled while the parties litigated the case for more than two years. Def. Br. at 6. Defendants' argument is utterly meritless and never should have been made.

6

*Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), in which the Second Circuit reversed the district court's dismissal of a complaint as a sanction for failure to comply with discovery orders, does not support Defendants' argument. Indeed, *Brennan* held **exactly the opposite**: "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the ***statute of limitations is tolled*** provided that the plaintiff meets those conditions." 407 F.3d at 607 (emphasis added). If it is relevant at all, *Brennan* completely undermines Defendants' argument. The Court dismissed the SAC without prejudice, granting Plaintiffs leave to replead their compliance with the statute of limitations by February 10, 2012. Plaintiffs met those conditions precisely. Under *Brennan*, the statute of repose was tolled and the TAC is timely.

*Novella v. Empire State Carpenters Pension Fund*, No. 5 Cv. 2079 (BSJ), 2009 WL 812271 (S.D.N.Y. Mar. 26, 2009) (Jones, J.), is no more helpful to Defendants. Novella timely commenced an action for disability pension benefits on March 19, 2002. *See id*. at *1. That action was dismissed without prejudice for failure to exhaust administrative remedies, without any conditions for reinstatement. *See id.* Novella pursued his administrative remedies and, before receiving a decision on his claim, filed a ***new*** action on February 14, 2005, asserting the same claim that had been dismissed. *See id*. at *1-2. The new action was filed after the six-year statute of limitations under ERISA had expired. *See id*. at *3. Citing *Brennan*, the Court held that dismissal of the first action did not toll the statute of limitations for the second action. *See id.* at *3 n.6. Plaintiffs have not filed a ***new*** action here. Rather, they amended their prior complaint, as the Court ordered. When the Court allowed Plaintiffs to file an amended TAC, surely it did not expect them to commence an entirely new action after the statute of repose had expired.

Defendants also argue that the TAC does not relate back to the filing dates for the original complaints. Defendants' argument is misplaced for at least two reasons. *First*, both ERY Plaintiffs, Messrs. Schwack and Killmon, undeniably commenced their actions within the three-year statute of repose. TAC ¶¶ 352(f) and (o). This case is nothing like those cases cited by Defendants on p. 7 of their brief, where the added plaintiffs first sought to join the various actions *after* the statutes of repose already had expired.

*Second*, Defendants' argument that a statute of repose is not tolled under *American Pipe* (Def. Br. at 6-7) is simply wrong. There is ample authority to support *American Pipe* tolling for statutes of repose, including authority cited by Defendants. In *Morgan Stanley*, No. 09 Civ. 2137, 2011 U.S. Dist. LEXIS 104280, at *50 (emphasis added), cited by Defendants, the Court held that "*American Pipe* tolling **may properly be applied to statutes of repose as well as to statutes of limitation**." See also *Plumbers' & Pipefitters' Local #562 v. J.P. Morgan Acceptance Corp. I*, No. 08 CV 1713 (ERK) (WDW), 2011 U.S. Dist. LEXIS 152695, at *15-16 (E.D.N.Y. Dec. 13, 2011) (timely filing of class action complaint tolls statute of repose); *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, Nos. 09 Civ. 8755 (SHS), 10 Civ. 7202 (SHS), 10 Civ. 9325 (SHS), 11 Civ. 314, 2011 U.S. Dist. LEXIS 113660, at *25 (S.D.N.Y. Sept. 30, 2011) (*American Pipe* tolling serves the purposes of Rule 23 and the statute of repose).

Finally, Defendants' argument that Plaintiffs cannot be certain which prospectus, the November Prospectus or the December Prospectus, their shares may be traced back to (Def. Br. at 9), is legally and factually flawed. No Bear Fund shares were sold to the public before November 8, 2008. Order at 5. Thus, for statute of repose purposes, Plaintiffs treated their

shares as though they were registered pursuant to the *earlier* of the two prospectuses.[10]

The decision in *In re IPO Sec. Litig.*, 227 F.R.D. 65, 117-18 (S.D.N.Y. Oct. 13, 2004) (Scheindlin, J.), is completely irrelevant to Defendants' statute of repose argument. In that case, the Court considered whether a class could be certified if some absent class members purchased shares that could not be traced to a defective registration statement. *Id.* at 118. The Court held, however, that a class could be certified if the class period was "limited to exclude all purchases made *after untraceable securities entered the market*." *Id.* at 119. That is precisely what Plaintiffs have done here. The Class Period ends on April 9, 2009, one day before the April 10 Prospectus was filed. Thus, the Class excludes all purchases made after securities that might not be traceable to the defective November or December Prospectuses entered the market.

### III. PLAINTIFFS HAVE FILED THEIR PSLRA CERTIFICATIONS

PSLRA certifications for *all* Plaintiffs have been filed. *See* Gilman Decl. Exs. A-G, Aug. 15, 2011, ECF No. 68. After questioning Plaintiffs' Counsel about the PSLRA certifications at the hearing on the motion to dismiss, the Court found Defendants' argument "unavailing," that Plaintiffs' Counsel's representations "resolve the certification issues," and that "defendants have not suffered prejudice from the tardiness of the cure." Order at 27. Accordingly, the Court denied the motion to dismiss the SAC on that ground. Order at 28.

Citing no authority requiring new certifications for each amended complaint, Defendants seek to resurrect the now-resolved issue of Plaintiffs' PSLRA certifications. Def. Br. at 5. In *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 42 (D. Mass. 2003) (emphasis added), cited by

---

[10] It would make no difference to Defendants' statute of repose argument which Prospectus the shares were traced to, since the original complaints were filed less than three years after *both* Prospectuses were issued. For that matter, if it were relevant (which it is not), the TAC was filed more than three years after *both* Prospectuses were issued.

9

Defendants, the court refused to certify Neil Macy as a class representative because he "did not provide a certification upon filing the amended and consolidated complaint, *which added him as a plaintiff*." The court did not dismiss the complaint in that case.

Each Plaintiff has furnished a PSLRA certification. The Court need not revisit this resolved issue.

### IV. THE COURT HAS RULED ON CLAIMS ON BEHALF OF FUNDS OTHER THAN FAZ AND ERY

Finally, Defendants fault the Plaintiffs for reasserting claims on behalf of funds other than FAZ and ERY. Def. Br. at 9-10. The Court's Order offered Defendants an opportunity to "move to dismiss the claims on statute of limitations grounds." Order at 42. It was not a broad invitation for Defendants to raise any other objections to the TAC. In any event, these claims were repeated in the TAC merely because Plaintiffs: (1) strictly complied with the Order, which only permitted them to include "additional allegations regarding each plaintiff's compliance with the one-year statute of limitations" (Order at 42); and (2) wished to avoid re-litigating ancillary issues other than the statute of limitations.

### V. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss the Complaint should be denied in all respects.

Dated: March 1, 2012

Respectfully submitted,

/s Mark C. Rifkin
Mark C. Rifkin
rifkin@whafh.com
Maja Lukic
lukic@whafh.com
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600

10

Fax: (212) 545-4653

Kenneth G. Gilman
kgilman@gilmanpastor.com
Rene Potkay
rpotkay@gilmanpastor.com
**GILMAN AND PASTOR, LLP**
16 14th Avenue
Wareham, MA  02571
Phone: (508) 291-8400
Fax: (508) 291-3258

*Co-Lead Counsel for the ERY Plaintiffs and Proposed Class*

William B. Federman
wbf@federmanlaw.com
Stuart Emmons
swe@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Phone: (405) 235-1560
Fax: (405) 239-2112

*Lead Counsel for the FAZ Plaintiffs and Proposed Class*

11