**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

_____

                          )
                          )
In re Direxion Shares ETF Trust   )     Civil Action No. 1:09-CV-08011-KBF
                          )
_____)

**DIREXION DEFENDANTS' ANSWER TO PLAINTIFFS'**
**THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Direxion Shares ETF Trust (the "Trust"), Daniel D. O'Neill, Daniel J. Byrne, Gerald E.

Shanley, III, John Weisser (collectively "Individual Defendants") and Rafferty Asset

Management, LLC ("Rafferty"), collectively "Defendants" for their Answer to Plaintiffs' Third

Consolidated Amended Class Action Complaint ("Complaint")(Docket No. 87), state as follows:

1.           Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegation that Plaintiffs purchased shares of the Trust.  The SEC filings

referenced in Paragraph 1 of the Complaint speak for themselves, and no response is required to

Plaintiffs' characterization of those documents.  To the extent a response to these

characterizations is required, Defendants deny such characterizations and state that the Trust

clearly and amply disclosed all material risks.  To the extent that Paragraph 1 is deemed to

contain additional allegations, Defendants deny any and all allegations of Paragraph 1 of the

Complaint.

2.           The SEC filings referenced in Paragraph 2 of the Complaint speak for

themselves, and no response is required to Plaintiffs' characterization of those documents.  To

the extent a response to these characterizations is required, Defendants deny such

characterizations and state that the Trust clearly and amply disclosed all material risks.

Defendants admit that at least some putative class members lost money on their investments. However, any such losses were due to putative class members' erroneous judgment regarding the markets and/or their failure to read the Trust's disclosures.  Defendants admit that the Trust offered the Financial Bear 3X Shares, Energy Bear 3X Shares, and Large Cap Bear 3X Shares. To the extent Paragraph 2 of the Complaint is deemed to contain additional allegations, Defendants deny any and all such additional allegations.

3.          Defendants deny the allegations of Paragraph 3 of the Complaint.

4.          Paragraph 4 of the Complaint consists of legal conclusions and contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 4 of the Complaint.

5.          Defendants deny the allegations of Paragraph 5 of the Complaint.

6.          Defendants deny the allegations of Paragraph 6 of the Complaint, except that Defendants admit filing a supplemental prospectus on or about April 10, 2009.

7.          Defendants admit that the Trust had millions of shares outstanding, but deny any and all additional allegations of Paragraph 7 of the Complaint.  Defendants further state Plaintiffs' allegation regarding "hundreds of millions in fees" is grossly overstated.

8.          The SEC filings referenced in Paragraph 8 of the Complaint speak for themselves, and no response is required to Plaintiffs' characterization of those documents.  To the extent a response is required, Defendants deny Plaintiffs' characterization of the documents. Defendants further state that the Trust clearly and amply disclosed all material risks.  To the extent that Paragraph 8 of the Complaint is deemed to contain any additional allegations, Defendants deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.          Defendants deny the allegations of Paragraph 9 of the Complaint. Defendants further state that any losses incurred by putative class members were due to their erroneous judgment regarding the markets and/or their failure to read the Trust's disclosures.

10.          Defendants admit that the FAZ and ERY were regulated by the SEC under the Investment Company Act of 1940 and that the FAZ and ERY were bona fide offered to the public in November 2008.  Defendants admit that the total aggregate investment in all funds in the Trust has been in the billions.  The remainder of Paragraph 10 of the Complaint consists of characterizations of the purpose and design of the FAZ and ERY to which no response is required.  Defendants state that the SEC filings for these funds address those topics, and those documents speak for themselves.  Defendants further state that the Trust clearly and amply disclosed all material risks.   To the extent any further response is required, Defendants deny the allegations of Paragraph 10 of the Complaint.

11.          Claims relating to funds other than FAZ or ERY have been dismissed. Paragraph 11 consists of characterizations of the purpose and design of the funds.  Defendants state that the SEC filings for these funds address those topics and those documents speak for themselves.  To the extent any further response is required, Defendants deny the allegations of Paragraph 11 of the Complaint.

12.          Claims relating to funds other than FAZ or ERY have been dismissed. Paragraph 12 consists of characterizations of the purpose and design of the funds.  Defendants state that the SEC filings for these funds address those topics and those documents speak for themselves.  Defendants further state that, contrary to the misleading paraphrase of the Trust's investment objective in Paragraph 12 of the Complaint, the Trust clearly and repeatedly

disclosed that it seeks <u>daily</u> leveraged investment results.  To the extent any further response is required, Defendants deny the allegations of Paragraph 12 of the Complaint.

13.        Defendants admit that the language that Paragraph 13 of the Complaint quotes from a press release appears in the press release.  Defendants deny that this action involves all of the Bear Funds, as claims relating to funds other than FAZ or ERY have been dismissed.  The remaining allegations of Paragraph 13 of the Complaint characterize the design and operation of the Bear Funds.  The offering documents for these funds speak for themselves and Plaintiffs' characterizations require no response.  To the extent any response is required, Defendants deny any and all of Plaintiffs' characterizations and deny any and all additional allegations of Paragraph 13 of the Complaint.  Defendants further state that the Trust's disclosures were unusually clear and abundant.

14.        Paragraph 14 of the Complaint consists of characterizations of the design and operation of the Bear Funds and a purported quotation from an unidentified source.  No response is required to these allegations.  To the extent a response is required, Defendants state that the design and operation of the Bear Funds was clearly and amply disclosed in the Trust's SEC filings.  To the extent any further response is required, Defendants deny the allegations of Paragraph 14 of the Complaint.

15.        Paragraph 15 of the Complaint consists of assertions regarding the performance of relevant indices and/or the funds in the Trust during certain arbitrarily selected time periods.  These allegations deliberately ignore that the Trust seeks only <u>daily</u> leveraged investment results.  Defendants further state that these alleged figures are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.          Paragraph 16 of the Complaint consists of assertions regarding the performance of relevant indices and/or the funds in the Trust during certain arbitrarily selected time periods.  These allegations deliberately ignore that the Trust seeks only <u>daily</u> leveraged investment results.  Defendants state that these alleged figures are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs purchased shares or suffered losses.  Defendants deny the remaining allegations of Paragraphs 17 of the Complaint.

18.          Defendants deny the allegations of the first sentence of Paragraph 18 of the Complaint.  The remainder of Paragraph 18 consists of assertions regarding the performance of relevant indices and/or the funds in the Trust during certain arbitrarily selected time periods.  These allegations deliberately ignore that the Trust seeks only <u>daily</u> leveraged investment results.  Defendants further state that these alleged figures are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 that Plaintiffs purchased shares in the Bear Funds.  Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.          In light of the Court's order limiting this action to FAZ and ERY, no response is required to Paragraph 20.  To the extent a response is required, Defendants deny the allegations of the first sentence of Paragraph 20 of the Complaint.  The remainder of Paragraph 20 consists of assertions regarding the performance of relevant indices and/or the funds in the Trust during certain arbitrarily selected time periods.  These allegations deliberately ignore that the Trust seeks only <u>daily</u> leveraged investment results.  Defendants further state that these alleged figures are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.          Defendants deny the allegations of Paragraph 21 of the Complaint.

22.          Defendants deny the allegations of Paragraph 22 of the Complaint.

23.          Defendants admit having filed the referenced documents with the SEC on the stated dates.  To the extent that Paragraph 23 of the Complaint is deemed to contain additional allegations, Defendants deny any and all such allegations.

24.          Defendants deny the allegations of Paragraph 24 of the Complaint. Defendants further state that for investors who understood the risks associated with the use of leverage, understood the consequences of seeking daily leveraged investment results, and who intended to actively monitor and manage their investments, it would have been appropriate to hold Fund shares for more than one day.

25.          Defendants deny the allegations of Paragraph 25 of the Complaint.

26.          Defendants deny the allegations of Paragraph 26 of the Complaint.

27.          Paragraph 27 of the Complaint is a definitional paragraph to which no response is required.  To the extent a response is required, Defendants state that there are a

number of possible definitions of volatility, and deny Paragraph 27 of the Complaint to the extent it suggests otherwise.

28.          Defendants deny the allegations of Paragraph 28 of the Complaint, except that Defendants admit that, during November and December 2008, the market experienced periods of high volatility.

29.          Defendants state that the SEC filings referenced in Paragraph 29 of the Complaint speak for themselves and that there was nothing false or misleading about the Trust's clear and abundant disclosures regarding the effects of volatility.  Defendants further state that it is meritless for Plaintiffs to suggest that the volatility examples in the Trust's registration statement were predictions or guarantees of future volatility levels.  To the extent any further response is required, Defendants deny the allegations of Paragraph 29 of the Complaint.

30.          Defendants deny the allegations of Paragraph 30 of the Complaint except to state as follows.  Paragraph 30 consists largely of allegations of certain historical volatility figures.  These are publicly available evidentiary details that do not require a response.  To the extent they do require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

31.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 of the Complaint.  The second sentence of Paragraph 31 consists of allegations of certain historical volatility figures.  These are publicly available evidentiary details that do not require a response.  To the extent they do require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Defendants deny any further allegations of Paragraph 31 of the Complaint except to state that the volatility example in the prospectus speaks for itself.

32.          Defendants deny the allegations of Paragraph 32 of the Complaint except to state as follows.  Paragraph 32 consists largely of allegations of certain historical volatility figures.  These are matters of public record and are evidentiary details that do not require a response.  To the extent they do require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Defendants further state that the referenced portions of the prospectus speak for themselves.

33.          Defendants deny the allegations of Paragraph 33 of the Complaint except to state as follows.  Paragraph 33 consists largely of allegations of certain historical volatility figures.  These are matters of public record and are evidentiary details that do not require a response.  To the extent they do require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

34.          In light of the Court's order limiting this action to FAZ and ERY, no response is required regarding allegations involving any other fund.  Paragraph 34 otherwise consists of legal conclusions or argumentation, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.          Defendants deny the allegation of Paragraph 35 of the Complaint, except that they admit the quoted language in Paragraph 35 appears in the referenced public documents.

36.          Defendants deny the allegations of Paragraph 36 of the Complaint. Defendants further state that, contrary to Plaintiffs' baseless allegations, the funds' daily tracking results have been excellent.

37.          Defendants deny the allegations of Paragraph 37 of the Complaint.

38.          Defendants deny the allegations of Paragraph 38 of the Complaint.

39.             Defendants deny the allegations of Paragraph 39 of the Complaint.

40.             Defendants deny the allegations of Paragraph 40 of the Complaint.

41.             Paragraph 41 of the Complaint consists of characterizations of the documents filed with the SEC which require no response.  To the extent they require a response, Defendants state that those documents speak for themselves and that the disclosures therein were clear and abundant.  Defendants deny the allegations of Paragraph 41, and further state that any losses incurred by Plaintiffs or putative class members were due to their erroneous judgment regarding the markets and/or their failure to read the Trust's disclosures.

42.             Defendants deny the allegations of Paragraph 42 of the Complaint.

43.             Defendants deny the allegations of Paragraph 43 of the Complaint except to state that the FINRA notice speaks for itself.

44.             Defendants admit there have been press releases and other public information indicating there were ongoing investigations, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the status of any such investigation.  To the extent a further response is required, Defendants deny the allegations of Paragraph 44 of the Complaint.

45.             Defendants deny the allegations of Paragraph 45 of the Complaint except to state that the news release from the North American Securities Administrators Association speaks for itself.

46.             Defendants deny the allegations of Paragraph 46 of the Complaint except to state that the press release from the SEC speaks for itself.

47.             Defendants deny the allegations of Paragraph 47 of the Complaint except to state that the press release from the SEC speaks for itself.

48.        Defendants deny the allegations of Paragraph 48 of the Complaint.

49.        Defendants deny the allegations of Paragraph 49 of the Complaint.

50.        Paragraph 50 of the Complaint consists of argumentation, contentions and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 50.

51.        Claims regarding funds other than FAZ and ERY have been dismissed and thus no response is required to allegations regarding other funds.  Paragraph 51 otherwise consists of argumentation and legal contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 51.

52.        Paragraph 52 of the Complaint consists of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 52 of the Complaint except to state that the language quoted in the last sentence of Paragraph 52 appears in the April 10, 2009 prospectus.

53.        Defendants deny the allegations of Paragraph 53 of the Complaint except to admit that the language quoted in Paragraph 53 appears in the April 10, 2009 prospectus.

54.a-54.f.        The quoted material from the April 10, 2009 SEC filing referenced in Paragraphs 54.a-54.f of the Complaint speaks for itself, and no response is required except to state that the language quoted in Paragraphs 54.a-54.f appears in the April 10, 2009 prospectus.

55.        Claims regarding funds other than FAZ and ERY have been dismissed and thus no response is required to allegations regarding other funds.  To the extent a response is required, Defendants deny those allegations.  Paragraph 55 of the Complaint otherwise refers to SEC filings, which Defendants state speak for themselves.  To the extent Paragraph 55 contains other allegations, Defendants deny any and all such allegations.

56.        Paragraph 56 of the Complaint consists of argumentation and legal conclusions to which no response is required. To the extent a response is required, Defendants deny any and all allegations of Paragraph 56 of the Complaint.

57.        Paragraph 57 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny any and all allegations of Paragraph 57 of the Complaint.

58.        Defendants deny the allegations of Paragraph 58 of the Complaint.

59.        Claims regarding funds other than FAZ and ERY have been dismissed and thus no response is required to allegations regarding other funds. To the extent a response is required, Defendants deny those allegations. Paragraph 59 of the Complaint refers to an SEC filing, which speaks for itself. Paragraph 59 otherwise consists of argumentation and legal conclusions to which no response is required. To the extent a response is required, Defendants deny any and all allegations of Paragraph 59 of the Complaint and further state that the Trust clearly disclosed all material risks.

60.        Defendants deny the allegations of Paragraph 60 of the Complaint.

61.        Claims regarding funds other than FAZ and ERY have been dismissed and thus no response is required to allegations regarding other funds. Defendants deny the allegations of Paragraph 61 of the Complaint except to state that Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraph 61 of the Complaint; however, Defendants deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

62.        Defendants deny the allegations of Paragraph 62 of the Complaint and note that the allegations herein are contrary to the Court's ruling on this point.

## JURISDICTION AND VENUE

63.        Defendants admit that Plaintiffs purport to assert claims pursuant to Sections 11 and 15 of the Securities Act of 1993.

64.        Defendants admit the Court has jurisdiction under 28 U.S.C. § 1331 and Section 22 of the Securities Act of 1933.

65.        Defendants deny the allegations contained in Paragraph 65 of the Complaint except to admit that shares of FAZ and ERY trade on the New York Stock Exchange.

66.        Defendants deny the allegations contained in Paragraph 66 of the Complaint except to admit that the Trust or its officers, directors, or agents used the means and instrumentalities of interstate commerce, including the United States mails and interstate telephone facilities.

## PARTIES

67.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 67 of the Complaint that Plaintiffs individually invested assets in the FAZ and ERY funds.  Defendants deny the remaining allegations of Paragraph 67 of the Complaint.

68-73.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68-73 of the Complaint that plaintiffs purchased shares in FAZ or ERY and lost money on their respective investments.   Defendants deny the remaining allegations of Paragraphs 68-73 of the Complaint.

74.        Defendants deny the allegations of Paragraph 74 of the Complaint except to admit the following: The Trust is a Delaware statutory trust and registered investment

company that offered funds including FAZ and ERY, which trade on both the NYSE Arca and in an organized secondary market.  Shares of the Bear Funds are not individually redeemable.

75.       Defendants admit that Daniel D. O'Neill is the President and a Trustee of Direxion who signed the September 29, 2008 and December 17, 2008 registration statements applicable to the FAZ and ERY funds.  Defendants deny any and all remaining allegations of Paragraph 75 of the Complaint.

76.       Defendants admit that Todd Kellerman signed the registration statement dated September 29, 2008 as Treasurer and Controller.  Defendants deny any and all remaining allegations of Paragraph 76 of the Complaint.

77.       Defendants admit that Daniel J. Byrne is a Trustee of Direxion who signed the September 29, 2008 and December 17, 2008 registration statements applicable to the FAZ and ERY funds.  Defendants deny any and all remaining allegations of Paragraph 77 of the Complaint.

78.       Defendants admit that Gerald E. Shanley, III is a Trustee of Direxion who signed the September 29, 2008 and December 17, 2008 registration statements applicable to the FAZ and ERY funds.  Defendants deny any and all remaining allegations of Paragraph 78 of the Complaint.

79.       Defendants admit that John Weisser is a Trustee of Direxion who signed the September 29, 2008 and December 17, 2008 registration statements applicable to the FAZ and ERY funds.  Defendants deny any and all remaining allegations of Paragraph 79 of the Complaint.

80.       Defendants admit that Rafferty is the investment adviser for the Direxion funds and provides investment management services to these funds.  Defendants admit that

Daniel O'Neill is the Managing Director of Rafferty.  Defendants deny any and all remaining allegations of Paragraph 80 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

81.        Claims regarding funds other than FAZ and ERY have been dismissed from this action.  Defendants deny the allegations of Paragraph 81 except to admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraph 81 of the Complaint; however, Defendants deny that Plaintiffs and the proposed class satisfy the requirements for class certification and deny that a class can be certified.

82.        Defendants deny that Plaintiffs and the proposed class satisfy the requirements for class certification and deny the allegations of Paragraph 82 of the Complaint except to state that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint concerning the number of putative class members.

83.        Paragraph 83 contains argumentation and legal conclusions to which no response is required.  To the extent Paragraph 83 is deemed to contain factual allegations, Defendants deny any and all such allegations and deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

84.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint, except to state that Defendants deny that Plaintiffs satisfy the requirements for class certification.

85.        Paragraph 85 of the Complaint consists of legal contentions to which no response is required.  To the extent a response is required, Defendants deny all allegations contained of Paragraph 85 and all subparts thereto.

86.        Defendants deny the allegations of Paragraph 86 of the Complaint and deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

## FACTUAL ALLEGATIONS

87.        Defendants deny that there is a comprehensive definition of an ETF and thus deny the allegations of Paragraph 87 of the Complaint.

88.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint.

89.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint.

90.        Defendants deny the allegations of Paragraph 90 of the Complaint except that they admit that traditional ETFs generally do not pursue leveraged investment goals.

91.        Defendants deny the allegations of Paragraph 91 of the Complaint.

92.        Defendants deny the allegations of Paragraph 92 of the Complaint. Defendants further state that the structure and investment strategies employed by FAZ and ERY are clearly disclosed in the offering documents, which speak for themselves.

93.        Defendants deny the allegations of Paragraph 93 of the Complaint except that they admit that FAZ and ERY began operating in 2008 and were open-end investment companies under the Investment Company Act of 1940.

94.        Defendants admit the allegations of Paragraph 94 of the Complaint.

95.        Defendants deny the allegations of Paragraph 95 of the Complaint except to state that Defendants admit that the registration statement for FAZ and ERY became effective September 17, 2008.

96.          Defendants deny the allegations of Paragraph 96 of the Complaint except that they admit the following:  The Trust filed documents with the SEC on the dates indicated, and these documents were signed by the Defendants listed in Paragraph 96 of the Complaint.

97.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint.

98.          Paragraph 98 of the Complaint consists of argumentation and legal conclusions to which no response is required.  To the extent Paragraph 98 is determined to contain allegations that require a response, Defendants deny any and all such allegations.

99.          Defendants deny the allegations of Paragraph 99 of the Complaint except that Defendants admit that Direxion FAZ and ERY were first bona fide offered to the public in November 2008.  Defendants further state that the design of those funds is explained in the offering documents, which speak for themselves.

100.          Defendants deny the allegations of Paragraph 100 of the Complaint, except to admit that the language quoted in Paragraph 100 of the Complaint appears in the subject press release.

101.          Defendants deny the allegations of Paragraph 101 of the Complaint except to state that on November 3, 2008, not November 8, 2008, Direxion issued a press release that contained the quoted language.

102.          Defendants deny the allegations of Paragraph 102 of the Complaint except that they admit that FAZ, ERY, BGZ, and TZA began trading on the NYSE Arca in or about November 2008.

103.          Defendants deny the allegations of Paragraph 103 of the Complaint except to admit that the Trust's November 3, 2008 prospectus included the quoted language.

104.        Defendants deny the allegations of Paragraph 104 of the Complaint except to state that the Trust's November 3, 2008 prospectus included the quoted language and except that the paragraph beginning "Certain Funds…" under "Inverse Correlation Risk" appears in the "Correlation Risk" section of the prospectus.

105.        Defendants deny the allegations of Paragraph 105 of the Complaint.

106.        Defendants admit the allegations of Paragraph 106 of the Complaint.

107.        Defendants deny the allegations of Paragraph 107 of the Complaint except to state that the SEC Form N-1A speaks for itself.

108.        Defendants deny the allegations of Paragraph 108 of the Complaint except to admit that the language quoted in Paragraph 108 appears in the Trust's November 3, 2008 SAI.

109.        Defendants deny the allegations of Paragraph 109 of the Complaint except to admit that the language quoted in Paragraph 109 appears in the Trust's November 3, 2008 SAI.

110.        Defendants deny the allegations of Paragraph 110 of the Complaint, which consists largely of Plaintiffs' characterizations of the Trust's disclosures, which speak for themselves.

111.        Defendants deny the allegations of Paragraph 111 of the Complaint.

112.        Paragraph 112 of the Complaint consists of Plaintiffs' characterizations of and selective quotations from Form N-1A and other authorities to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 112 of the Complaint.

113.        Paragraph 113 of the Complaint consists of argumentation and legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations of Paragraph 113 of the Complaint.

114.        Defendants deny the allegations of Paragraph 114 of the Complaint.

115.        Defendants deny the allegations of Paragraph 115 of the Complaint except that they admit that the Trust at times had assets of over $5 billion.

116-118.        Paragraphs 116-118 of the Complaint consist of a lengthy and abstract discussion of the meaning of volatility to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraphs 116-118 of the Complaint.

119.        Defendants deny the allegations of Paragraph 119 of the Complaint. Defendants further state that the Trust's November 3, 2008 prospectus speaks for itself.

120-121.        Paragraphs 120-121 of the Complaint confusingly plead evidentiary details regarding matters of public record.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 120-121 of the Complaint, except that they admit that financial markets experienced periods of heightened volatility in late 2008.

122.        The allegations of Paragraph 122 of the Complaint regarding precise volatility figures for certain periods concern evidentiary details and are matters of public record. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Defendants deny the remaining allegations of Paragraph 122 of the Complaint. Defendants further state that the Trust's November prospectus speaks for itself.

123.        The allegations of Paragraph 123 of the Complaint regarding precise volatility figures for certain periods are evidentiary details and are matters of public record. Defendants lack knowledge or information sufficient to form a belief as to the truth of these

allegations.    Defendants deny the remaining allegations of Paragraph 123 of the Complaint.

Defendants further state that the Trust's November prospectus speaks for itself.

124.        Paragraph 124 of the Complaint consists of argumentation to which no

response is required.  To the extent a response is required, Defendants deny the allegations

contained in Paragraph 124 of the Complaint.

125.        Paragraph 125 of the Complaint consists of Plaintiffs' characterizations of

documents filed with the SEC, to which no response is required.  To the extent a response is

required, Defendants deny the allegations of Paragraph 125 of the Complaint and state that the

Trust's SAI speaks for itself.

126.        Paragraph 126 of the Complaint consists of Plaintiffs' characterizations of

the SAI and argumentation which do not require a response.  To the extent a response is

required, Defendants deny the allegations of Paragraph 126 of the Complaint and state that the

Trust's SAI speaks for itself.

127.        Defendants deny the allegations of Paragraph 127 of the Complaint.

128.        Defendants deny the allegations of Paragraph 128 of the Complaint.

129.        Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 129 of the Complaint.

130.        Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 130 of the Complaint.

131.        Paragraph 131 of the Complaint consists of argumentation to which no

response is required.  To the extent a response is required, Defendants deny the allegations of

Paragraph 131 of the Complaint.

132-133.          Paragraphs 132-133 of the Complaint consist of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any and all allegations of Paragraphs 132 and 133 of the Complaint.

134.          Defendants deny the allegations of Paragraph 134 of the Complaint.

135.          In light of the Court's order limiting claims in this action to FAZ and ERY, no response is required to any allegation regarding any other funds.  Paragraph 135 of the Complaint consists of Plaintiffs' characterizations of the prospectus and registration statement to which no response is required as those documents speak for themselves.  To the extent a response is required, Defendants deny any and all allegations of Paragraph 135 of the Complaint.

136.          Paragraph 136 of the Complaint consists of Plaintiffs' characterizations of disclosures contained in the offering documents to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 136 and state that the offering documents speak for themselves.

137-138.          Paragraphs 137 and 138 of the Complaint consist of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any and all allegations of Paragraphs 137-138 of the Complaint.

139.          Defendants deny the allegations of Paragraph 139 of the Complaint except to state as follows.  The second sentence of Paragraph 139 includes references to alleged specific volatility figures that are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in the second sentence of Paragraph 139.  Defendants further state that the Trust's disclosures speak for themselves.

140.          Defendants deny the allegations of Paragraph 140 of the Complaint.

141.        Defendants deny the allegations of Paragraph 141 of the Complaint.

142.        Paragraph 142 of the Complaint consists of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 142 of the Complaint.

143.        Paragraph 143 of the Complaint consists of characterizations of SEC forms and guidance and Defendants state that those forms and regulations speak for themselves. Paragraph 143 otherwise consists of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 143 of the Complaint.

144.        Defendants deny the allegations of Paragraph 144 of the Complaint.

145.        Defendants deny the allegations of Paragraph 145 of the Complaint.

146.        Defendants deny the allegations of Paragraph 146 of the Complaint, which consist of Plaintiffs' characterizations of various SEC filings that speak for themselves.

147.        Defendants deny the allegations of Paragraph 147 of the Complaint, which consist of Plaintiffs' characterizations of various SEC filings that speak for themselves.

148.        The allegations of Paragraph 148 of the Complaint fail to identify a specific source for the quoted information as a result of which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Complaint.

149.        Defendants deny the allegations of Paragraph 149 of the Complaint.

150.        Defendants deny the allegations of Paragraph 150 of the Complaint except to state that Paragraph 150 is vague in that it fails to identify the specific source of the quoted

material, but to the extent the quoted material comes from publicly filed documents, those documents speak for themselves.

151.     Paragraph 151 of the Complaint consists of argumentation and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 151 of the Complaint.

152.     Defendants deny the allegations of Paragraph 152 of the Complaint except to state that the referenced registration statement speaks for itself and to admit that the Trust issued a supplemental prospectus dated December 9, 2008.

153.     Defendants deny the allegations of Paragraph 153 of the Complaint.

154.     Defendants admit the allegations of Paragraph 154 of the Complaint.

155.     Defendants deny the allegations of Paragraph 155 of the Complaint.

156.     Defendants deny the allegations of Paragraph 156 of the Complaint except to state that the quoted documents speak for themselves.

157.     Defendants deny the allegations of Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint consists of argumentation and legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 158 except to state that the language quoted in Paragraph 158 appears in the December 9, 2008 prospectus.

159.     Defendants admit that the first sentence of Paragraph 159 of the Complaint accurately quotes an entry from Wikipedia.org.  Defendants deny the remainder of Paragraph 159.

160-164.     Defendants deny the allegations of Paragraphs 160-164 of the Complaint.

165.     Defendants deny the allegations of Paragraph 165 of the Complaint.

166-167.        Defendants deny the allegations of Paragraphs 166-167 of the Complaint.

168.        Defendants deny the allegations of Paragraph 168 of the Complaint except to admit that the phrase "actively monitor and manage their investments" appears in the Trust's December 9, 2008 prospectus.

169.        Defendants deny the allegations of Paragraph 169 of the Complaint except to admit that the quoted language appears in the Trust's December 9, 2008 prospectus.

170.        Defendants deny the allegations of Paragraph 170 of the Complaint.

171.        Defendants admit the allegations of Paragraph 171 of the Complaint.

172.        Defendants deny the allegations of Paragraph 172 of the Complaint, and state that the referenced offering documents speak for themselves.

173.        Defendants admit that the language quoted in Paragraph 173 of the Complaint appears in the December 9, 2008 SAI.  To the extent that Paragraph 173 is deemed to contain additional factual allegations, Defendants deny any and all such allegations.

174.        Defendants deny the allegations of Paragraph 174 of the Complaint.

175-179.        Defendants deny the allegations of Paragraphs 175-179 of the Complaint.

180.        Defendants deny the allegations of Paragraph 180 of the Complaint except to state as follows.  Defendants admit that the December 9, 2008 prospectus stated the historical volatility rate for the Russell 1000 Index.  Defendants admit that the December 9, 2008 prospectus did not mention a historical volatility rate for the index underlying ERY.

181-186.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 181-186 of the Complaint.

187.        Defendants deny the allegations of Paragraph 187 of the Complaint.

188.　　　　　Defendants deny the allegations of Paragraph 188 except to admit that the quoted phrase appeared in the December 9, 2008 prospectus.

189.　　　　　Defendants deny the allegations of Paragraph 189 of the Complaint.

190.　　　　　Defendants deny the allegations of Paragraph 190 of the Complaint except to state as follows.  The volatility rate for FAZ's benchmark is a matter of public record and is an evidentiary detail that does not require a response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 190 that the volatility rate for the FAZ benchmark was 62.2% as of November 30, 2008.

191.　　　　　Defendants deny the allegations of Paragraph 191 of the Complaint except that Defendants admit that the volatility rates for the Russell 1000 Financial Services Index and the Russell 1000 Energy Index were publicly available and accessible to Defendants and to putative class members.

192-197.　　　　Defendants deny the allegations of Paragraphs 192-197 of the Complaint.

198.　　　　　Defendants deny the allegations of Paragraph 198 of the Complaint except to state that the language quoted from the December 9, 2008 prospectus appears in that document and that the prospectus speaks for itself.

199-204.　　　　Defendants deny the allegations of Paragraphs 199-204 of the Complaint.

205.　　　　　Defendants deny the allegations of Paragraph 205 of the Complaint except to admit that the December 9, 2008 prospectus included the quoted language with the exception of the last line of Paragraph 205, beginning "Defendants also included."

206-209.　　　　Defendants deny the allegations of Paragraphs 206-209 of the Complaint.

210-215.　　　　Defendants deny the allegations of Paragraphs 210-215 of the Complaint.

216.          Defendants deny the allegations of Paragraph 216 of the Complaint except to state that the November and December 2008 prospectuses included the quoted language attributed to each document.

217.          Defendants deny the allegations of Paragraph 217 of the Complaint.

218.          Defendants deny the allegations of Paragraph 218 except to state that the December 9, 2008 prospectus included the quoted material.

219.          Defendants deny the allegations of Paragraph 219 of the Complaint.

220.          Defendants deny the allegations of Paragraph 220 of the Complaint.

221.          Defendants admit the first sentence of Paragraph 221 of the Complaint. Defendants admit that the referenced amendment to the registration statement became effective on February 15, 2009.  Defendants deny any and all remaining allegations of Paragraph 221 of the Complaint.

222.          Defendants deny the allegations of Paragraph 222 of the Complaint except to state that the press release cited speaks for itself and to admit that the press release did include the quoted language.

223.          Defendants deny the allegations of Paragraph 223 of the Complaint except to state that the press release cited speaks for itself and to admit that the press release did include the quoted language.

224.          Defendants admit that the amendment to its registration statement filed on December 17, 2008, became effective on February 15, 2009.  Defendants state that the figures alleged in the last sentence of Paragraph 224 of the Complaint are a matter of public record and are evidentiary details that do not require a response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the last sentence of Paragraph 224.  Defendants deny any and all remaining allegations of Paragraph 224 of the Complaint.

225.      Defendants deny the allegations of Paragraph 225 of the Complaint.

226.      Defendants deny the allegations of Paragraph 226 of the Complaint.

227.      Defendants deny any allegations of Paragraph 227 of the Complaint except to state that the April 10, 2009 prospectus speaks for itself and to admit that it did include the quoted language.

228.      Defendants state that the April 10, 2009 prospectus speaks for itself and admit that the language quoted in Paragraph 228 of the Complaint appears in the April 10, 2009 prospectus.

229.      Defendants admit that, as stated in the April 2009 prospectus, Table 2 in that prospectus "shows the range of volatility for each of the indexes to which one of the Funds is benchmarked over the six months ended February 27, 2009."  Defendants admit that, as stated in the December 9, 2008 prospectus, "the volatility for the Russell 1000 Index for the 12 months ended November 30, 2008 was approximately 40%."  To the extent that Paragraph 229 of the Complaint is deemed to contain additional factual allegations, Defendants deny any and all such allegations.

230.      Defendants admit the first sentence of Paragraph 230 of the Complaint. Defendants deny the second sentence of Paragraph 230 of the Complaint.

231.      Defendants deny the allegations of Paragraph 231 of the Complaint.

232.      Defendants admit that the word "daily" was added to the names of the various funds in the Trust.  To the extent that Paragraph 232 of the Complaint is deemed to contain additional allegations, Defendants deny any and all such allegations.

233.        Defendants deny the allegations of Paragraph 233 of the Complaint except to admit that the April 10, 2009 prospectus did include the quoted language.

234-237.     Defendants deny the allegations of Paragraphs 234-237 of the Complaint.

238.        Defendants admit that the April 10, 2009 SAI referenced some different volatility figures than earlier versions.  Defendants deny any and all remaining allegations of Paragraph 238 of the Complaint.

239.        Defendants deny the allegations of Paragraph 239 of the Complaint.

240.        Defendants deny the allegations of Paragraph 240 of the Complaint except to state that Paragraph 240 is vague in that it fails to identify the specific source of the quoted material, but to the extent the quoted material comes from publicly available documents, those documents speak for themselves.

241-253.     Defendants deny the allegations of Paragraphs 241-253 of the Complaint.

254.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 254 of the Complaint except to state to the extent such article does exist, it speaks for itself.

255.        Defendants deny the allegations of Paragraph 255 of the Complaint.

256.        Defendants deny the allegations of Paragraph 256 of the Complaint except to admit that the triple leverage ETF was a new product.

257.        Defendants deny the allegations of Paragraph 257 of the Complaint.

258.        Defendants deny the allegations of Paragraph 258 of the Complaint.

259-260.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 259-260 of the Complaint.

261.        Defendants deny the allegations of Paragraph 261 of the Complaint.

262.          Defendants deny the allegations of Paragraph 262 of the Complaint except to state that Defendants admit that FAZ and ERY did not achieve perfect daily tracking.

263.          Defendants deny the allegations of Paragraph 263 of the Complaint.

264.          Defendants deny the allegations of Paragraph 264 of the Complaint.

265.          Defendants deny the allegations of Paragraph 265 of the Complaint.

266-270.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 266-270 of the Complaint.

271.          Defendants deny the allegations of Paragraph 271 of the Complaint.

272.          Defendants deny the allegations of Paragraph 272 of the Complaint.

273-274.     Defendants deny the allegations of Paragraphs 273-274 of the Complaint.

275.          Defendants deny the allegations of Paragraph 275 of the Complaint except to admit that the total aggregate investment in all funds in the Trust has been in the billions.

276.          Defendants deny the allegations of Paragraph 276 of the Complaint and state that public statements from FINRA speak for themselves.

277.          Paragraph 277 of the Complaint consists of argumentation and characterizations of the operations of the funds, which require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 277 of the Complaint.

278.          Defendants state that Paragraph 278 of the Complaint consists of vague conclusions and deny any and all such allegations.

279.          Paragraph 279 of the Complaint consists of characterizations of the registration statements, argumentation and legal conclusions, to which no response is required. To the extent a response is required, Defendants state that the registration statements speak for themselves and deny any and all allegations of Paragraph 279 of the Complaint.

280.        Defendants deny the allegations of Paragraph 280 of the Complaint.

281.        Defendants deny the allegations of Paragraph 281 of the Complaint.

282.        Defendants deny the allegations of Paragraph 282 of the Complaint.

283.        Defendants admit that the language in Paragraph 283 of the Complaint quoted from FINRA Regulatory Notice 09-31 appears in that document.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 283 regarding the quotation from a FINRA spokesman.  To the extent that Paragraph 283 of the Complaint is deemed to contain additional allegations, Defendants deny any and all such allegations.

284.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 284 of the Complaint and state that any alleged Morgan Stanley report speaks for itself.

285.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 285 of the Complaint.

286.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 286 of the Complaint and state that any such alleged announcement speaks for itself.

287.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 287 of the Complaint and state that any such alleged article speaks for itself.

288.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 288 of the Complaint and state that any such alleged article speaks for itself.

289.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 289 of the Complaint and state that any such alleged news release speaks for itself.

290.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 290 of the Complaint and state that any such alleged article speaks for itself.

291-292.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 291-292 of the Complaint and state that any such alleged SEC press release speaks for itself.

293.          Defendants deny the allegations of Paragraph 293 of the Complaint.

294.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 294 of the Complaint and state that any such alleged article speaks for itself.

295.          Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 295 of the Complaint and state that any such alleged article speaks for itself.

296.          Paragraph 296 of the Complaint consists of argumentation and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 296 of the Complaint.

297.          Paragraph 297 of the Complaint consists of a characterization of an SEC rule, which Defendants state speaks for itself.

298.          Paragraph 298 of the Complaint consists of argumentation, which requires no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 298 of the Complaint.

299.          Defendants deny the allegations of Paragraph 299 of the Complaint except to admit that the Bear Funds' prices changed as described in their registration statements.

300-303.          Defendants deny the allegations of Paragraphs 300-303 of the Complaint.

304.          Defendants deny the allegations of Paragraph 304 of the Complaint except to state as follows:  Defendants admit that, as stated in their SEC filings, FAZ and ERY rebalance their respective portfolios on a daily basis, increasing exposure in response to that day's gains or reducing exposure in response to that day's losses.  Defendants admit that, as indicated on page 26 of the Fund's December 9, 2008 SAI, some of the factors potentially limiting a fund's ability to track the performance of its applicable index were "a Fund holding instruments that are illiquid" and "the need to conform a Fund's portfolio holdings to comply with that Fund's investment restrictions or policies."  Defendants admit that the Trust executed many or most of its trades during the later part of the trading day.

305.          Defendants admit that the Trust executed many or most of its trades during the later part of the trading day and that some derivative securities that the Funds held in their investment portfolios were not traded after the close of the market each day.  Defendants deny any and all additional allegations of Paragraph 305 of the Complaint.

306.          Defendants deny the allegations of Paragraph 306 of the Complaint.

307.          Defendants admit that the Trust executed many or most of its trades during the later part of the trading day.  The allegations of Paragraph 307 of the Complaint otherwise are too vague to permit a meaningful response.  Accordingly, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 307 of the Complaint.

308.        Defendants admit that the Trust executed many or most of its trades during the later part of the trading day.  The allegations of Paragraph 308 of the Complaint otherwise are too vague to permit a meaningful response.  Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 308 of the Complaint.

309-312.        Defendants deny the allegations of Paragraphs 309-312 of the Complaint.

313.        Paragraph 313 of the Complaint consists of argumentation and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 313 of the Complaint.

314.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314 of the Complaint.

315.        Paragraph 315 of the Complaint consists of argumentation and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 315 of the Complaint.

316.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 316 of the Complaint.

317.        Defendants deny the allegations of Paragraph 317 of the Complaint.

318.        Defendants deny the allegations of Paragraph 318 of the Complaint.

319.        Defendants deny the allegations of Paragraph 319 of the Complaint.

320.        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 320 of the Complaint.

321.             Defendants deny the allegations of Paragraph 321 of the Complaint.

322-325.        Defendants deny the allegations of Paragraphs 322-325 of the Complaint.

326-329.        Defendants deny the allegations of Paragraphs 326-329 of the Complaint.

330.             Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 330 of the Complaint.

331.             Defendants deny the allegations of Paragraph 331 of the Complaint.

332.             Defendants deny the allegations of Paragraph 332 of the Complaint except to admit that not all shares of the Bear Funds were redeemed each day.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 332 of the Complaint regarding the proportion of Bear Funds investors who did not redeem their shares on any given day.

333.             Defendants deny the allegations of Paragraph 333 of the Complaint.

334.             Defendants deny the allegations of Paragraph 334 of the Complaint.

335.             Defendants deny the allegations of Paragraph 335 of the Complaint.

336.             Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 336 of the Complaint.

337.             Defendants deny the allegations of Paragraph 337 of the Complaint.

338.             Defendants deny the allegations of Paragraph 338 of the Complaint.

339.             Defendants deny the allegations of Paragraph 339 of the Complaint.

## FIRST CAUSE OF ACTION

340.             Paragraph 340 of the Complaint is a definitional paragraph to which no response is required.

341.        Defendants deny the allegations contained in Paragraph 341 of the Complaint and incorporate, as though fully set forth herein, each and every response made to Paragraphs 1-340 of the Complaint.

342.        No response is required to the allegations of Paragraph 342 of the Complaint regarding funds other than FAZ and ERY in light of the Court's order limiting this action to those funds.  Defendants admit that Direxion issues the FAZ and ERY funds, but otherwise deny the allegations of Paragraph 342 on the grounds that they are compound and vague, except to state that certain of the Individual Defendants signed or authorized the registration statement.

343-348.        Paragraphs 343-348 of the Complaint state legal conclusions or contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraphs 343-348 of the Complaint.

349.        Claims relating to funds other than FAZ or ERY have been dismissed and thus no response is required to allegations regarding other funds.  To the extent a response is required, Defendants deny any and all allegations of Paragraph 349 of the Complaint.

350-351.        Paragraphs 350-351 of the Complaint state legal conclusions or contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraphs 350-351 of the Complaint.

352.        Defendants deny the allegations of Paragraph 352 of the Complaint except to state that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 352.a-352.r of the Complaint regarding plaintiffs' subjective knowledge and share purchases.

353.        Paragraph 353 of the Complaint states legal conclusions or contentions to which no response is required.  To the extent a response is required, Defendants deny the allegation of Paragraph 353 of the Complaint.

## SECOND CAUSE OF ACTION

354.        Defendants deny the allegations contained in Paragraph 354 of the Complaint and incorporate, as though fully set forth herein, each and every response made to Paragraphs 1-353 of the Complaint.

355.        Paragraph 355 of the Complaint states legal conclusions or contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 355 of the Complaint except to state that the Individual Defendants held the positions as indicated in the various documents filed with the SEC.

356.        Paragraph 356 of the Complaint states legal conclusions or contentions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 356 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny each and every allegation made in the Complaint following the statement on page 132 of the Complaint that "WHEREFORE, Plaintiffs pray for relief and judgment, as follows:"  Defendants deny that Plaintiffs are entitled to any of the requested relief made in paragraphs A-G of the Complaint's prayer for relief or to any other relief.  Defendants further state that the Complaint should be dismissed.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1-356 above, Defendants deny each and every allegation of the Complaint, including without limitation headings and

subheadings, and specifically deny liability to the Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

**AND NOW**, having fully answered Plaintiffs' Complaint, Defendants state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiffs and/or putative class members.  The following affirmative defenses are asserted against all Plaintiffs and, should the Court certify a class, the members of the putative class.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every claim asserted therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not sustained a cognizable injury.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to identify the existence of any false or misleading statements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, and any persons on whose behalf Plaintiffs purport to act, knowingly and/or recklessly assumed the risk of purchasing and/or holding the securities described in this Complaint and such was the cause of their alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they are not maintainable as a class action.  Among other things, Plaintiffs have failed to meet the numerosity, commonality and typicality requirements of Fed. R. Civ. P. 23(a), in that the claims of certain class members will be subject to unique defenses based on the facts surrounding their share purchases.  In addition, Lead Plaintiffs may also be inadequate class representatives due to investment patterns and knowledge that differs from that of other class members.  In addition, Defendants deny that Plaintiffs can maintain a single class under Fed. R. Civ. P. 23(b)(2) and 23(b)(3), and given the relief sought, Plaintiffs fail to satisfy the requirements for a Rule 23(b)(2) class.  In addition, this case does not satisfy the requirements of Fed. R. Civ. P. 23(b)(3), such as predominance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Defendants failed to disclose was publicly available information contained in the registration statements, SEC filings, or other public disclosures for FAZ and ERY, or because Defendants otherwise had no duty to disclose this information under the federal securities laws. Similarly, Plaintiffs were or should have been aware of the facts relevant to their claims relating to the functioning of leveraged ETFs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the one-year limitations period applicable to claims under Section 11 of the Securities Act of 1933.  Plaintiffs were on notice or aware of facts allegedly giving rise to a claim for relief more than one year prior to filing suit. For example, the information Plaintiffs allege to have been misrepresented or omitted was in fact

disclosed to Plaintiffs in the registration statements, SEC filings, or other public disclosures, which Plaintiffs in particular had access to more than one year before Plaintiffs brought this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred in whole or in part by the three-year statute of repose applicable to claims under the Securities Act of 1933.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, at the time Plaintiffs acquired the securities in question, Plaintiffs knew of the alleged untruths, omissions, or misstatements that form the basis of this action.  For example, the information allegedly misrepresented or omitted was in fact accurately disclosed to investors in the registration statements, SEC filings and other public disclosures for FAZ or ERY, and was otherwise a matter of public record.  Alternatively, Plaintiffs learned of the alleged untruths, omissions, or misstatements that form the basis of this action after acquiring the securities in question, but nonetheless continued to hold and purchased additional such securities.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged damages were caused by external factors and not by an alleged omission, misstatement, or untruth for which Defendants are liable.  Plaintiffs' alleged losses, if any, resulted from other factors such as Plaintiffs' erroneous predictions regarding the direction of the relevant index.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, defendants acted with due diligence in that, for example and without limitation, within the meaning of 15 U.S.C.

§ 77k(b), Defendants had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time that the registration statements in question became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith, exercised reasonable care and had no knowledge of, had no reasonable ground to believe in the existence of, and in the exercise of reasonable care could not have known of, any untruth or material omission in the registration statements for FAZ or ERY.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Defendants are barred, in whole or in part, because to the extent any part of the registration statement purports to be made on the authority of an expert, Defendants reasonably relied on such expert statements, and had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission of a material fact required to be stated therein or otherwise necessary to make the statements in the registration statement not misleading.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no cognizable claim for loss in a Section 11 case such as this where the share price is assessed based on the overall value of a basket of securities.  The price for those shares is based on the underlying asset values of the securities and not affected by any theoretical misstatements or omissions in the registration statement or prospectuses.  In addition, as explained in State Street Bank & Trust Co. Fixed Income Funds Inv. Litig., 774 F. Supp. 2d

584 (S.D.N.Y. 2011), any losses Plaintiffs suffered were due to the decline in the value of the

funds' underlying investments, and were not caused or affected by the alleged misstatements in

the registration statements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith conformity with applicable SEC rules, regulations,

and orders, including without limitation the requirements of Form N-1A, and therefore are not

subject to liability under the federal securities laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendant Rafferty Asset

Management LLC did not sign the relevant registration statements.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel

and/or waiver because, inter alia, Plaintiffs were or should have been aware of the nature of the

facts alleged in the Complaint and nonetheless purchased or continued to hold FAZ or ERY

shares.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to act reasonably and to exercise due care or due diligence.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of ratification,

agreement, acquiescence, or consent to Defendants' alleged conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the difficulty or impossibility of ascertainment and allocation of the alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are limited to those authorized by statute and do not include attorney's fees, costs or interest.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Because discovery has not yet occurred in this action, Defendants further reserve the right to assert other and further defenses as may later become known to counsel.

**WHEREFORE**, having fully answered Plaintiffs' Complaint in this action, Defendants respectfully request: (i) that the Complaint be dismissed in its entirety; (ii) that the Court enter a judgment in favor of the Defendants; (iii) an award to the Defendants for their costs, including discretionary costs and attorney's fees; and (iv) such other relief as the Court deems just and proper.

DATED this 27th day of March, 2012.

Respectfully submitted,

By:____/s/ Nicholas G. Terris_____
Joanna A. Diakos (JD 7269)
Sarah P. Kenney (SK 5642)
K&L Gates LLP
599 Lexington Avenue
New York, New York  10022-6030
Email: joanna.diakos@klgates.com
          sarah.kenney@klgates.com
Phone: (212) 536-3900
Fax:    (212) 536-3901

Jeffrey B. Maletta (admitted *pro hac vice*)
Nicholas G. Terris (admitted *pro hac vice*)
1601 K Street, NW
Washington, DC 20006-1600
E-mail:  jeffrey.maletta@klgates.com
           nicholas.terris@klgates.com
Phone: (202) 778-9000
Fax:    (202) 778-9100

*Counsel for Defendants Direxion Shares ETF Trust, Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III, John Weisser and Rafferty Asset Management, LLC*