Joanna A. Diakos (JD 7269)
Sarah P. Kenney (SK 5642)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: joanna.diakos@klgates.com
       sarah.kenney@klgates.com
Phone: (212) 536-3900
Fax:   (212) 536-3901

Jeffrey B. Maletta (admitted *pro hac vice*)
Nicholas G. Terris (admitted *pro hac vice*)
Amy J. Eldridge (admitted *pro hac vice*)
1601 K Street, NW
Washington, DC 20006-1600
E-mail: jeffrey.maletta@klgates.com
        nicholas.terris@klgates.com
        amy.eldridge@klgates.com
Phone: (202) 778-9000
Fax:   (202) 778-9100

*Counsel for Defendants Direxion Shares ETF Trust,
Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III,
John Weisser and Rafferty Asset Management, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re DIREXION SHARES ETF TRUST | Civil Action No. 1:09-CV-08011-KBF <br><br> **FILED UNDER SEAL** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

DC-9649467 v8

## TABLE OF CONTENTS

Table of Contents...........................................................................................................ii

Table of Authorities......................................................................................................iii

I.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS'
     TRACKING ERROR CLAIM............................................................................1

II.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AGAINST
     PLAINTIFFS ███████████████ BECAUSE THEY WOULD HAVE
     LOST MORE MONEY HAD THE FUNDS PERFORMED AS THESE PLAINTIFFS
     ALLEGEDLY EXPECTED............................................................................5

III. SUMMARY JUDGMENT MUST BE ENTERED AGAINST ███████ BASED
     ON UNDISPUTED FACTS SHOWING KNOWLEDGE AND NEGATIVE
     CAUSATION..................................................................................................7

IV.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT UNDER
     STATE STREET.............................................................................................10

## TABLE OF AUTHORITIES

Page

APA Excelsior III L.P. v. Premiere Techs, Inc.,
 476 F.3d 1261 (11th Cir. 2007) .................................................................................9

Akerman v. Oryx Commc'ns, Inc.,
 810 F.2d 336 (2d Cir. 1987) ............................................................................. 6, 7-8

Bridge v. Phoenix Bond & Indem. Co.,
 553 U.S. 639 (2008) ..................................................................................................8

Cruz v. Coach Stores, Inc.,
 202 F.3d 560 (2d Cir. 2000) ......................................................................................3

In re Flag Telecom Holdings Sec. Litig.,
 574 F.3d 29 (2d Cir. 2009) ........................................................................................8

In re HealthSouth Corp. Sec. Litig.,
 261 F.R.D. 616 (N.D. Ala. 2009) ..............................................................................9

In re Refco, Inc. Sec. Litig.,
 503 F.Supp.2d 611 (S.D.N.Y. 2007) .........................................................................9

In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig.,
 774 F.Supp.2d 584 (S.D.N.Y. 2011) ................................................................. 6, 10

LeBouf, Lamb, Greene & MacRae, LLP v. Worsham,
 185 F.3d 61 (2d Cir. 1999) .................................................................................. 4, 5

McLaughlin v. Am. Tobacco Co.,
 522 F.3d 215 (2d Cir. 2008) ......................................................................................8

McMahan & Co. v. Wherehouse Entm't, Inc.,
 65 F.3d 1044 (2d Cir. 1995) ....................................................................................10

Nishsho-Iwai Am. Corp. v. Kline,
 845 F.2d 1300 (5th Cir. 1998) ............................................................................. 4, 5

Olkey v. Hyperion 1999 Term Trust, Inc.,
 98 F.3d 2 (2d Cir. 1996) ............................................................................................3

Santa Fe Indus., Inc. v. Green,
 430 U.S. 462 (1977) ..................................................................................................3

Tho Dinh Tran v. Dinh Truong Tran,
 166 F.Supp.2d 793 (S.D.N.Y. 2001) .........................................................................3

UFCW Local 1776 v. Eli Lilly & Co.,
    620 F.3d 121 (2d Cir. 2010) ................................................................................... 8

**RULES**

Fed. R. Civ. P. 56(c)(2) ............................................................................................. 4, 5

Defendants hereby reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (the "Opposition" or "Opp.").[1]

Plaintiffs fail to submit admissible evidence opposing summary judgment and/or admit the key facts on which Defendants' motion is based. Instead, in an effort to further prolong the case they raise a handful of erroneous legal arguments. As further discussed below, these arguments are meritless and Defendants are entitled to summary judgment.

## I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' TRACKING ERROR CLAIM

All investment funds experience tracking error. But Defendants have established that Plaintiffs have grossly overstated the Funds' daily tracking error, which was *de mimimis*.[2] As set forth in Defendant's expert report, the daily tracking error for each day of the Class Period for the FAZ Fund was -0.0596% and for the ERY Fund was -0.0439%. See Declaration of Dr. Patrick E. Conroy, Ph.D, dated August 31, 2012, filed in support of Defendants' Motion for Summary Judgment ("Conroy Declaration"), dckt. No. 124, ¶ 7. While Plaintiffs argue in their Opposition that Dr. Conroy's declaration is the "*only* evidence offered by Defendants to support their argument that the tracking errors were '*de minimis*'," see Opp. at 9, there is no dispute that Dr. Conroy's calculations are correct. Indeed, shortly after Defendants filed their Motion for Summary Judgment, Plaintiffs admitted in their Supplemental Answers to Defendants' First Set of Requests for Admissions that: [REDACTED]

---

[1] Defendants' opening Memorandum in Support of their Motion for Summary Judgment will be referred to hereinafter as the "Summary Judgment Memorandum" or "Summary Judgment Mem." The organization of this Reply closely tracks that of the Memorandum. Arguments in the Opposition relating to arguments raised in the Memorandum are addressed in the corresponding section of this Reply.

[2] Plaintiffs' assertion that Defendants claim that there was not "any" tracking error, Opp. at 1, is baseless.

DC-9649467 v8


███████████████████████████████████████████

███████████████████████████████████████████

██████ Ex. A, Terris Declaration in Support of Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment (filed herewith). Plaintiffs have thus admitted that a key allegation of their Complaint ████████████████████████████████ is not true and is wildly inflated.

Having admitted these facts, Plaintiffs attempt to create the illusion that there is evidence of significant daily tracking errors by citing e-mails and documents that discuss **cumulative** tracking error data, **not daily** tracking error data, and by presenting evidence of daily tracking error on a compounded basis. The fact that Plaintiffs attempt to confuse and mislead this Court by propounding incomplete and irrelevant information underscores that the Tracking Error Claim is completely baseless.[3]

And in fact the material Plaintiffs submit confirms the very low tracking error. For example ███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

---

[3]      Plaintiffs attempt to delay the entry of summary judgment by arguing that they need more discovery to substantiate their Tracking Error Claim. Opp. 12, n.11. The calculation of daily tracking error is a mathematical calculation. Plaintiffs have admitted that █████████████████████████████████████████ ██████ Accordingly, there is no possible need for further discovery on this point.

[REDACTED] There is no dispute, therefore, as to the small daily tracking error.

The Opposition's focus on cumulative returns is an entirely new theory not alleged or argued in the Complaint. As such, Defendants object to its consideration and the Court need not and should not even consider it absent a properly noticed motion to amend.[4] Moreover, Plaintiffs do not and cannot contend that the Trust promised perfect daily or cumulative tracking. To the contrary, the Trust expressly disclosed that daily results could fall short of a Fund's investment objective as a result of various factors.[5] The cumulative figures asserted by Plaintiffs are plainly consistent with the Trust's disclosures. Thus, Plaintiffs cannot even assert a plausible claim of mismanagement, which, in any event, would not be cognizable under the federal securities laws. See Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 477 (1977); Olkey v. Hyperion 1999 Term Trust, Inc., 98 F.3d 2, 8 (2d Cir. 1996).

---

[4] See, e.g., Tho Dinh Tran v. Dinh Truong Tran, 166 F.Supp.2d 793, 796 (S.D.N.Y. 2001) (Where a party objects to the evidence there can be no express consent; the offering party must move to amend the pleadings and the court must consider the prejudice to the opposing party); Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) (applying Rule 15(b) at summary-judgment stage).

[5] For example, the Trust disclosed that:

> Several factors may affect a Fund's ability to achieve its daily target. A fund may have difficulty achieving its daily target due to fees and expenses, high portfolio turnover, transaction costs, and/or a temporary lack of liquidity in the markets for the securities held by a Fund. A failure to achieve a daily target may cause a Fund to provide returns for a longer period that are worse than expected. In addition, a Fund that meets its daily target over a period of time may not necessarily produce the returns that might be expected in light of the returns of its index or benchmark for that period. Differences may result from the compounding effect of daily market fluctuations, the use of leverage and the Bear Funds' inverse correlation.

Ex. F to the Declaration of Nicholas G. Terris dated August 31, 2012, dckt. No. 125, at 11 (December 9, 2008 Prospectus). See also Summary Judgment Mem. at 11 & n.5 (summarizing additional relevant disclosures).

Plaintiffs' convoluted calculation of daily tracking error on a compounded basis, see Opp. 7-8, 13-14, is similarly beside the point. This methodology is explained in the Expert Rebuttal Report of Dr. Patrick Conroy dated September 24, 2012, ¶¶ 26-32, 41-46, filed with Defendants' Sur-Reply in Opposition to Class Certification ("Conroy Rebuttal Report"). Again, Plaintiffs' new theory is not set forth in the Complaint and thus should not be considered. Moreover, Dr. Seguin's report, upon which this methodology is apparently based, is unsworn and does not comply with 28 U.S.C. § 1746. It is thus inadmissible, and Defendants hereby object to its consideration. See LeBouf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999); Nishsho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1305-06 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(2). More fundamentally, as set forth in the Conroy Rebuttal Report, no reasonable investor would have expected the Funds to perform or the daily tracking error to be calculated in accordance with this methodology. See Conroy Rebuttal Report ¶¶ 26-32, 41-46, 50. Perhaps most important for present purposes, Plaintiffs' suggestion that investors would have expected returns consistent with Dr. Seguin's methodology is based on a tortured misreading of the Trust's disclosures that is inconsistent with what the Complaint alleges and with what Plaintiff Stoopler testified that he actually did expect: -3X (or -300%) cumulative returns. See Stoopler Tr. at 166-67; Compl. ¶¶ 15-16, 18, 20. See also Conroy Rebuttal Report ¶¶ 30-31, 44-46.

The minimal daily tracking errors experienced by the Funds during the relevant time period thus were entirely consistent with the forward looking statements regarding the performance set forth in the offering documents. Accordingly, there is no misstatement of a relevant fact or omission concerning daily tracking and this Court should grant Defendants' Motion for Summary Judgment with respect to Plaintiffs' Tracking Error Claim.

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AGAINST PLAINTIFFS ▓▓▓▓▓ BECAUSE THEY WOULD HAVE LOST MORE MONEY HAD THE FUNDS PERFORMED AS THESE PLAINTIFFS ALLEGEDLY EXPECTED

Plaintiff ▓▓▓ testified – and the Complaint alleges – that based on the disclosures "reasonable investors" would have expected the Funds to provide a return equal to three times the inverse (negative) of the return on the index over the period during which each investor held the Fund. See Summary Judgment Mem. at 8; Complaint ¶ 15. Defendants have offered admissible evidence demonstrating that both ▓▓▓▓▓ would have lost more money than they actually did if the Funds had performed in this manner. See Summary Judgment Mem. at 8; Expert Report of Dr. Patrick Conroy dated August 6, 2012, filed in support of Defendants' Opposition to Class Certification ("Conroy Report"), dckt. 119, ¶¶ 32, 33, Exs. 7-8.

Plaintiff ▓▓▓ has already admitted the point. See Summary Judgment Mem. at 8. Plaintiff ▓▓▓ has evaded the point, but he has failed to submit any relevant admissible evidence to the contrary. Plaintiffs filed with their Opposition a document entitled "Supplemental Declaration of Candace L. Preston." Ex. C to Rifkin Declaration in Opposition to Defendants' Motion for Summary Judgment ("Supplemental Preston Declaration"). However, this "supplemental declaration" (like all of Plaintiffs' expert materials) is unsworn and does not comply with 28 U.S.C. § 1746. It is therefore inadmissible, and Defendants hereby object to its consideration. See LeBouf, Lamb, Greene & MacRae, 185 F.3d at 65-66; Nishsho-Iwai Am. Corp. v. Kline, 845 F.2d at 1305-06; Fed. R. Civ. P. 56(c)(2). In any event, the supplemental declaration is vague and conclusory and thus provides an insufficient basis to defeat summary judgment. Further, Plaintiffs admit that using Defendants' approach at least reduces ▓▓▓

claimed damages drastically ███████████████████████████████ Supplemental Preston Declaration ¶ 4.

Although they have been on notice of Defendants' contention on causation for years, Plaintiffs' principal basis for opposing Defendants' negative causation defense, however, is not factual but legal. Plaintiffs repeat the argument raised for the first time in their class certification reply brief that they are entitled to charge Defendants with all of the investment losses they incurred after holding the Funds for longer than a single day. In essence, Plaintiffs claim that putative class members have an option to rescind their purchases of Fund shares and to receive a refund of all losses they incur after the first day of their holding period. Opp. at 14-24.

As discussed in greater detail in Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs' new damages theory fails as matter of law. Plaintiffs' theory would transform § 11 into a rescission remedy, which ignores the negative causation defense under § 11. See, e.g., Akerman v. Oryx Commc'ns, Inc., 810 F.2d 336, 341 (2d Cir. 1987). And the hypothesis that Plaintiff ███████████████████████████████ ███████████████████████████ is both unsupported by any admissible evidence and contrary to the available facts ███████████████████████████████ ███████████████████████ Plaintiffs' theory is also a legally irrelevant allegation of transaction causation that cannot negate Defendants' evidence showing an absence of loss causation. See, e.g., In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig., 774 F.Supp.2d 584, 591 (S.D.N.Y. 2011). ██████ and others similarly situated clearly did not suffer any losses attributable to the risk that the Complaint allegedly failed to disclose: the magnitude of the risk from volatility and daily compounding, which could cause the Funds to lose money when the index was flat or even declining over time and which allegedly makes the Funds

unsuitable for holding longer than one day. There is no genuine factual dispute that daily compounding benefitted Plaintiff ▮ and that the risks associated with daily compounding and volatility did not materialize during his holding period.

### III. SUMMARY JUDGMENT MUST BE ENTERED AGAINST ▮ BASED ON UNDISPUTED FACTS SHOWING KNOWLEDGE AND NEGATIVE CAUSATION

Plaintiffs also do not contest the factual basis for Defendants' Motion for Summary Judgment against ▮ Plaintiffs effectively concede (as they must) that, prior to investing, ▮▮▮▮▮▮ See Summary Judgment Mem. at 16-18. Moreover, Plaintiffs do not attempt to rebut Defendants' evidence demonstrating that, in this unusual case, the Trust's disclosures had no impact on the Funds' NAVs or secondary market prices. Summary Judgment Mem. at 5-7.

Notwithstanding these indisputable facts, Plaintiffs contend, based on two erroneous legal arguments, that Defendants have not established any affirmative defense ▮ Opp. 24-25.

As to Defendants' negative causation defense, Plaintiffs correctly observe that there is generally no reliance element (or lack of reliance defense) in a § 11 case. Opp. 24-25. They then incorrectly imply that Defendants have done nothing more than argue lack of reliance. Opp. at 24-25. But as Defendants made clear in their opening brief, they do not argue a mere lack of reliance by ▮ Instead Defendants' argument is based on § 11(e), which "expressly creates an affirmative defense of disproving causation." Akerman v. Oryx Commc'ns, Inc., 810 F.2d at

- 7 -

341. The absence of either "but for" or proximate causation establishes the defense. In re Flag Telecom Holdings Sec. Litig., 574 F.3d 29, 35-36 (2d Cir. 2009).  As Defendants previously argued (and to no relevant response in the Opposition), the Supreme Court has underscored in a related statutory context where causation (but not reliance) are required elements of the claim, it is clear that a plaintiff ordinarily "will not be able to establish even but-for causation if no one relied on the misrepresentation." Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 658 (2008).[6]  Here, it is undisputed that ▇▇▇ did not directly or indirectly rely on the disclosures. And while causation in securities class action case can usually be based on the market impact of a misrepresentation even absent indirect reliance, McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 224 (2d Cir. 2008), Plaintiffs have not alleged that any loss was incurred as a result of price movements related to disclosure and Defendants have adduced undisputed and indisputable evidence that there simply was no market impact from the alleged misrepresentations.  See Summary Judgment Mem. at 5-7; Conroy Declaration, ¶¶ 13-14 and Ex. 3 thereto.  Allowing Plaintiffs such as ▇▇▇ to recover damages in these circumstances would provide investors complete insurance against losses that cannot in any way be connected to anything in the registration statement.  This insurance would come with its own built in "moral hazard" since it would reward purchasers, like ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

While the facts of this case are unusual, if not unique among § 11 fact patterns, Defendants' core legal point – that plaintiffs have no § 11 remedy when defendants demonstrate that the alleged misrepresentations did not have any impact either on plaintiff's investment decision or the price at which he sold his shares – is fully consistent with prior precedents

---

[6] See also UFCW Local 1776 v. Eli Lilly & Co., 620 F.3d 121, 133 (2d Cir. 2010) ("[W]hile reliance may not be an element of the cause of action, there is no question that in this case the plaintiffs allege, and must prove, third-party reliance as part of their chain of causation.").

construing § 11. See, e.g., APA Excelsior III L.P. v. Premiere Techs, Inc., 476 F.3d 1261, 1276-77 (11th Cir. 2007) (§ 11 claim not viable where investor made a binding commitment to purchase securities months before the allegedly flawed registration statement); In re Refco, Inc. Sec. Litig., 503 F.Supp.2d 611, 634 (S.D.N.Y. 2007) ("[I]t seems clear as a matter of law and logic that plaintiffs should be entitled to no recovery when it can be established with certainty that they were not harmed in any way by the relevant misrepresentations."); In re HealthSouth Corp. Sec. Litig., 261 F.R.D. 616, 647 (N.D. Ala. 2009) (excluding from a class in a § 11 case those claims where the bondholders' purchase decision was "motivated by factors other than the registration statement") (internal citation omitted).

With respect to Defendants' knowledge defense against ▮▮▮▮ Plaintiffs assert that there is no evidence that ▮▮▮▮ actually knew of the risks when he invested. Opp. at 25 & n.23. While defendants assume *arguendo* that is correct for present purposes, Plaintiffs' argument simply ignores Defendants' argument and authorities demonstrating that, in this context, ▮▮▮▮ willful blindness suffices to establish the knowledge defense. See Summary Judgment Mem. at 17-18.

In short, Plaintiffs' argument is based on the premise that a causal link between the registration statement and a loss is irrelevant. But that is contrary to the plain terms of § 11. In ▮▮▮▮ case Defendants have demonstrated a complete absence of any direct or indirect causal connection between the Trust's disclosures and ▮▮▮▮ investment losses, thus establishing the express negative causation defense. And Defendants have shown that ▮▮▮▮ acted with willful blindness, thus proving the knowledge defense expressly conferred by the statute. Accordingly, Defendants are entitled to summary judgment against ▮▮▮▮

## IV. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT UNDER <u>STATE STREET</u>

Plaintiffs have not responded to Defendant's argument that the undisputed facts show that they are entitled to summary judgment under this Court's reasoning in <u>In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig.</u>, 774 F. Supp. 2d 584 (S.D.N.Y. 2011). <u>See</u> Summary Judgment Mem. 18-20. Nor could they. As set forth in the Summary Judgment Memorandum at pp. 5-7, 18-20, and explained further by Dr. Conroy in ¶¶ 10-14 of the Conroy Declaration filed therewith, the alleged misstatements or omissions in the Trust's registration statement had no impact on the Fund's secondary market price, which at all times was closely tied to the Funds' NAV. Thus, both the NAV and secondary market price unquestionably did "not react to any misstatements in the Fund's prospectus" and therefore "no connection between the alleged material misstatement and a diminution in the security's value has been or could be alleged." <u>State Street</u>, 774 F. Supp. 2d at 596. <u>See</u> also <u>McMahan & Co. v. Wherehouse Entm't, Inc.</u>, 65 F.3d 1044, 1049 (2d Cir. 1995) (§ 11 case) ("as a general rule, a price decline before disclosure [of the truth] may not be charged to defendants") (citation and internal quotation marks omitted). Accordingly, since Plaintiffs have conceded this point, Defendants are entitled to summary judgment under <u>State Street</u>.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that this Court grant defendants' motion for summary judgment.

Dated: September 26, 2012
       New York, New York

K&L GATES LLP

By: _____
Joanna A. Diakos (JD 7269)
Sarah P. Kenney (SK 5642)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: joanna.diakos@klgates.com
        sarah.kenney@klgates.com
Phone: (212) 536-3900
Fax:    (212) 536-3901

Jeffrey B. Maletta (admitted *pro hac vice*)
Nicholas G. Terris (admitted *pro hac vice*)
Amy J. Eldridge (admitted *pro hac vice*)
1601 K Street, NW
Washington, DC 20006-1600
E-mail: jeffrey.maletta@klgates.com
         nicholas.terris@klgates.com
         amy.eldridge@klgates.com
Phone: (202) 778-9000
Fax:    (202) 778-9100

*Counsel for Defendants Direxion Shares ETF Trust, Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III, John Weisser and Rafferty Asset Management, LLC*