USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 0 8 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE DIREXION SHARES ETF TRUST                             :
                                                            :
------------------------------------------------------------X

09 Civ. 8011 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

Currently before the Court is defendants' motion for a stay pending the outcome of the Second Circuit appeal in In re Proshares Trust Securities Litigation, ---- F. Supp. 2d ---, 2012 WL 3878141 (S.D.N.Y. Sept. 7, 2012), or, in the alternative, to certify for interlocutory appeal this Court's orders on defendants' motions to dismiss pursuant to 28 U.S.C. § 1292(b). (See Dkt. No. 160.)

Motion for a Stay

A district court has broad discretion in determining whether or not to stay proceedings before it. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In deciding whether to exercise that discretion, a court considers: (1) the applicant's likelihood of success on the merits; (2) irreparable injury sustained by the applicant if a stay is denied; (3) whether a stay would injure the party opposing the stay; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007).

Defendants have not offered compelling arguments in support of their request for a stay--or any persuasive arguments with respect to any of the above factors.

First, the Court finds that ProShares is not on all fours with this action--and therefore, staying this action pending an appeal in that action is unwarranted. The offering documents (e.g., registration statement and prospectuses) considered by the Court in ProShares are not the same offering documents at issue here. Indeed, in ProShares Judge Koeltl distinguished the basis on which this Court denied defendants' motion to dismiss, finding differences between the offering documents at issue in this action and the ones there. See 2012 WL 3878141, at *8.[1] If the Court were to stay this action based upon the ProShares appeal, it would be equivalent to finding that any section 11 case challenging alleged misrepresentations or omissions in offering documents for an inverse leverage exchange traded fund (or funds) ("ETFs") should be stayed pending the same ProShares appeal. An appeal in an unrelated action dealing with unrelated offering documents cannot warrant the "extraordinary remedy" of a stay.

In addition, the Court will not (as defendants request) delay this action based upon appeals of what the Court perceives as routine orders--e.g., appeal of the denial of a motion to intervene, a potential anticipated Rule 23(f) appeal of the Court's yet-to-be-issued decision on plaintiffs' motion for class certification. The Court will continue to monitor developments in this action resulting from any appeals and take action, if necessary and appropriate.

---

[1] Defendants argue that the ProShares appeal raises a controlling question of law pertinent to this action: whether language required to be included in a registration statement by the Securities and Exchange Commission's regulations (e.g., the "contra-indicators" relied upon by this Court to deny defendants' motion to dismiss) cannot be actionable under section 11 of the Securities Act of 1933. Defendants did not make such an argument on their motion to dismiss, did not seek reconsideration of the Court's motion to dismiss order on that basis, and have not moved for summary judgment on that basis. In other words, defendants only now raise this as an issue pertinent to this action.

Motion for Interlocutory Review

Defendants, in the alternative, request that the Court certify its motion to dismiss orders for interlocutory review pursuant to 28 U.S.C. § 1292. Section 1292(b) grants a district court discretion to certify an order for interlocutory appeal where the order(s) "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As discussed above, this Court does not find that the ProShares appeal involves a "controlling question of law" pertinent to this action because it involves an unrelated matter with unrelated offering documents. The "difference of opinion" highlighted by defendants is one of their own making: they argue that because the ProShares and Direxion ETFs are both triple-inverse leveraged ETFs and were sold pursuant to offering documents discussing the "daily" nature of those ETFs, any appeal in that case will impact this one. Although all Second Circuit decisions relating to various aspects of section 11 ultimately may be relevant to the issues in this litigation, that concept is neither novel, nor a basis to certify orders for interlocutory appeal. There is no particular reason why the Second Circuit's opinion in ProShares will "materially advance" this litigation where the ETFs here were sold pursuant to their own, disparate offering documents.

Accordingly, it is hereby

ORDERED that defendants' motion for a stay or, in the alternative, for an order certifying the motion to dismiss orders for interlocutory appeal is DENIED.

The Clerk of the Court is directed to terminate the motion at Docket No. 160.

SO ORDERED:

Dated:   New York, New York
         November 8, 2012

*K. B. Forrest*
KATHERINE B. FORREST
United States District Judge