UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED **FEB  0 5 2013**

In re DIREXION SHARES ETF TRUST          : CIVIL ACTION NO. 1-09-CV-8011 KBF
                                         :
                                         :

## FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL

WHEREAS, Lead Plaintiffs Evan Stoopler and Howard Schwack and representative plaintiff David Remmells on behalf of themselves and the Class have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedures for: (1) an order approving the settlement of the above-captioned litigation (together with all other consolidated actions, the "Action") in accordance with the Stipulation and Settlement Agreement dated January 31, 2013 ("Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement"); (2) dismissal of the Action with prejudice as to all Defendants upon the terms and conditions set forth in the Stipulation; and (3) certification of the Action as a class action for settlement purposes only; and (4) approval of the form and method for providing notice of the Settlement to the Class and the schedule therefor.

WHEREAS, the Defendants do not oppose the motion for preliminary approval of the settlement;

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject-matter of the Action, the Parties, and all members of the Class.

2.      This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

3.      The Court hereby grants preliminary approval to the Settlement and the Stipulation, subject to further consideration at the Final Approval Hearing described below;

4.      Pending further order of the Court, all litigation activity, except that contemplated in this order, in the Stipulation and the Notice(s) of Pendency and Proposed Settlement of Class Action, annexed thereto is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**PRELIMINARY CLASS DETERMINATION**.

5.      The Court, for purposes of providing Notice to the Class and considering the fairness of the Settlement and pursuant to Federal Rule of Civil Procedure 23 certifies the Class for settlement purposes.

6.      The Court finds that certification of the Class for settlement purposes meets the requirements of Rule 23 as follows:

a.      The Class consists of thousands of members, and is sufficiently large and geographically dispersed that joinder of all Class Members is impracticable, and accordingly satisfies Rule 23(a)(1).

b.      There are questions of law and fact common to the Class that satisfy Rule 23(a)(2), including but not limited to: whether the November and December 2008 Fund Registration Statements contained a material misstatement or omission when they became effective in violation of §11 of the Securities Act of 1933; and whether

certain Defendants exercised actual power or control over primary violators giving rise to liability under §15 of the Securities Act of 1933.

       c.     For settlement purposes, Lead Plaintiffs' asserted claims that the Defendants violated Sections 11 and 15 of the Securities Act of 1933 are typical of the Class, and accordingly satisfy the requirements of Federal Rule 23(a)(3).

       d.     For settlement purposes, Lead Plaintiffs Stoopler and Schwack and representative plaintiff Remmells and their Lead Counsel will fairly and adequately protect the interests of the Class, and accordingly their appointment satisfies Rule 23(a)(4).

       e.     Lead Plaintiffs also satisfy the requirements of Rule 23(b)(3) since, in the context of settlement, questions of law and fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this matter.

     7.     Lead Plaintiffs Stoopler and Schwack and representative plaintiff Remmells are hereby appointed representatives of the Class.

     8.     Federman & Sherwood, Wolf Haldenstein Adler Freeman & Herz LLP, and Gilman Law LLP are hereby appointed Class Counsel.

**PAYMENT OF SETTLEMENT AMOUNT**

     9.     Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within ten (10) business days of the later of (i) the entry of the Preliminary Approval Order in the Action, and (ii) receipt of complete payment instructions including tax identification information on IRS Form W-9. The Gross Settlement Fund shall be used only for the purposes specified in the Stipulation.

**CLASS NOTICE**

     10.     The Court approves the form and content of the "Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Publication Notice, in substantially the forms annexed hereto as Exhibits A-1 and A-2.

11.     The Court finds that the mailing and distribution of the Notice and publishing of the Publication Notice, as set forth herein, meet the requirements of Rule 23(c)(2)(B), due process, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

## CLAIMS PROCESS AND ADMINISTRATION

12.     The Court hereby appoints Heffler Claims Administration as the Claims Administrator to supervise and execute the notice program as well as the administration of the Settlement, as set forth in Paragraph 9 of this Order and as more fully set forth in the Stipulation:

a.     At no cost to the Gross Settlement Fund, to the extent that the Direxion Defendants possess such information in reasonably accessible form, not later than six (6) business days after the entry of this Order, the Direxion Defendants will use their good faith best efforts to provide to the Claims Administrator the names and addresses of Class Members' broker-dealers or other intermediaries ("Intermediaries") along with their aggregate account data. The Direxion Defendants shall promptly forward to the Claims Administrator any additional information subsequently provided to them. It is recognized and agreed that the Direxion Defendants do not possess data regarding individual Class Members. Except as provided in Paragraphs 12(b) and 22(e)(iv) of the Stipulation, the Defendants are not obligated to and shall not bear any costs associated with obtaining Class Members' names, addresses, or Class Period account transactions data from broker-dealers or other intermediaries.

b.     Within eight (8) business days after entry of this Preliminary Approval Order, the Claims Administrator shall send a notification to all Intermediaries. Such notice to Intermediaries:

        i.      will request, in electronic, searchable form, the name(s) and address(es) for all accounts that acquired Direxion Fund shares during the Class Period through an Intermediary ("Intermediary Accounts"); and

        ii.     shall inform the Intermediaries that, if it is not feasible to provide the name(s) and address(es) for each Intermediary Account within ten (10) business days from the date of such notification, the Intermediary shall promptly contact the Claims Administrator to make arrangements to provide full information or explain the failure to do so.

        c.     The Court hereby orders the Intermediaries to provide all Intermediary Account information by the deadlines set forth in this Paragraph in order for all Class Members to benefit from the proposed Settlement.

        d.     No later than forty-five (45) days prior to the deadline to submit requests for exclusion from or objections to the proposed Settlement, the Claims Administrator shall commence mailing the Notice to those Class Members for whom the Claims Administrator has obtained the requisite contact information and transaction data or later obtains such information and data.

        e.     No later than forty (40) days prior to the deadline to submit requests for exclusion from or objections to the proposed Settlement, the Claims Administrator shall cause the Publication Notice substantially in the form attached as Exhibit A-2 hereto to be published once in *Investor's Business Daily* and transmitted over PRNewswire.

        f.     If a Class Member wishes to share in the Net Settlement Fund, the Class Member must submit to the Claims Administrator a Proof of Claim, substantially in the form attached as Exhibit A-3 hereto, by no later than thirty (30) days after the date of Publication Notice.

g.     Within thirty (30) calendar days after the date of receipt of the Proof of Claim, the Claims Administrator shall respond to the Class Member by accepting or rejecting the Proof of Claim, in whole or in part.

h.     Any Class Member whose Proof of Claim has been rejected in whole or in part by the Claim Administrator and who desires to contest such rejection must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Class Member's grounds for contesting the rejection, along with any supporting documentation, and, if sought, a request for review thereof by the District Court.  If a dispute concerning a Proof of Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the District Court for a final determination.

i.     Any Class Member who does not obtain exclusion from the Class, and who does not submit a Proof of Claim to the Claims Administrator by the deadline, shall be forever barred from receiving any payment pursuant to the Stipulation (unless a later submitted Proof of Claim by such Class Member is approved by the Claims Administrator or by order of this Court for consideration as if timely submitted under the provisions of this Order), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement.

j.     Concurrently with the filing of the motion for final approval of the Settlement and in any event no later than thirty-five (35) days prior to the Final Approval Hearing, Class Counsel shall file with the Clerk of this Court, declaration(s) of the person or persons under whose general direction the mailing of the Notice and the publication of the Publication Notice were made, showing that such mailing and publication have occurred in accordance with this Order.

k.     The Net Settlement Fund shall be distributed to Class Members by the Claims Administrator only after:  (i) the Effective Date of the Settlement as defined in

the Stipulation and after; (ii) all claims have been processed by the Claims Administrator and all objections with respect to rejected or disallowed claims have been resolved by the District Court, and all appeals therefrom have been resolved, or the time to appeal has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the District Court, all appeals therefrom have been resolved, or the time to appeal has expired; and (iv) all Notice and administrative expenses and Taxes have been paid.

1.      As set forth in the Stipulation, immediately after payment of the Gross Settlement Fund to the Escrow agent and without further order of the Court, Class Counsel may direct payment from the Escrow Account up to $250,000 as provided in the Stipulation to pay the actual, reasonable costs of providing notice to the Settlement Class, locating Class Members, assisting with the filing and processing of Proof of Claim Forms, administering the Gross Settlement Fund, and paying Taxes, escrow fees and costs. This advancement of notice and administration costs, to the extent already expended or incurred for these purposes, shall not be subject to repayment if the Settlement does not become effective, and Lead Plaintiffs and Class Counsel shall have no obligation to repay any amounts actually and properly incurred or disbursed for the above purposes. Upon the occurrence of the Effective Date, Lead Plaintiffs may file additional motions for approval of additional amounts from the Gross Settlement Fund for payment of reasonable costs of providing Notice and administering the Gross Settlement Fund.

## PRELIMINARY FINDINGS CONCERNING PROPOSED SETTLEMENT

13.     The Court preliminarily approves the Settlement as being sufficiently fair, reasonable, and adequate to warrant notice thereof to the Class as provided for herein, pending the Fairness Hearing described below.

**REQUESTS FOR EXCLUSION**

14.     Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless a request for exclusion from the Class in a timely and proper manner, as provided herein.

15.     Class Members may request to be excluded from the Class.

16.     In order to be valid, a request for exclusion must: (i) set forth the name, address, and telephone number of the person or entity requesting exclusion; (ii) state that the person or entity requests exclusion from the Class in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF; (iii) be signed and dated by the person or entity requesting exclusion; and (iv) be postmarked no later than twenty one (21) days prior to the date of the Final Approval Hearing.  Requests for exclusion must be mailed to the Claims Administrator at the address set forth in the Notice and the Publication Notice. Requests for exclusion may also be submitted electronically by following the instructions on the claims administration website, www.direxionfundsettlement.com.  The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Claims Administrator or the Court.

17.     Class Members who timely and validly request exclusion from the Class shall not be eligible to receive any payment under the settlement as described in the Stipulation and the Notice, unless otherwise ordered by the Court.

**HEARING; RIGHT TO BE HEARD**

18.     A Final Approval Hearing shall be held before this Court on May 10 , 2013, at 2 : 00 a.m./p.m., at the United States District Court for the Southern District of New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007, to determine whether:  (i) the Settlement of the Action on the terms and conditions set forth in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (ii) whether a Judgment dismissing the Action with

prejudice in the form attached as Exhibit B to the Stipulation should be entered; (iii) whether the proposed Plan of Allocation set forth in the Notice should be approved; (iv) whether the motion for reimbursement of Lead Plaintiffs' time and expenses should be approved; (v) whether the motion for an award of Class Counsel's attorneys' fees and reimbursement of Class Counsel's litigation expenses should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

19.     Class Counsel's motion for approval of the Settlement and Plan of Allocation and any motion for reimbursement of Lead Plaintiffs' time and expenses and motion for an award of Class Counsel's attorneys' fees and reimbursement of litigation expenses shall be filed and served no later than thirty (30) days prior to the date of the Final Approval Hearing; any opposition thereto shall be filed and served no later than fifteen (15) days prior to the Hearing; and any Reply in Support of the motions shall be filed and served no later than seven (7) days prior to the Hearing.

20.     Any Class Member may object to the matters set for consideration at the Final Approval Hearing by submitting written objections thereto.  The written objection must state that it is made in connection with the matter of *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF, and must include the objecting Class Member's name, address, telephone number, signature, the number of Direxion Fund shares purchased during the period November 3, 2008 through April 9, 2009, inclusive, the reasons for the objection and all supporting papers.  Any objection must be postmarked no later than twenty-one (21) days prior to the date of the Final Approval Hearing and mailed to the Court, Counsel for Plaintiffs and Counsel for Defendants at the following addresses:

Court:                                    Counsel for Plaintiffs:

Ruby J. Krajick                           Maja Lukic
Office of the Clerk                       Wolf Haldenstein Adler Freeman & Herz LLP
United States District Court              270 Madison Avenue
Southern District of New York             New York, NY 10016
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312


Counsel for Defendants:

Jeffrey B. Maletta                        John L. Hardiman
K&L Gates LLP                             Sullivan & Cromwell LLP
1601 K Street NW                          125 Broad Street
Washington, DC 20006-1600                 New York, New York 10004

21.     To speak at the Final Approval Hearing in person or through legal

counsel, a Class Member must send written notice stating that it is his or her intention to

appear in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF.  The notice must

be signed by the Class Member or counsel and must include the name, address, telephone

number of the Class Member and counsel, if applicable, and the number of Direxion

Fund shares the Class Member purchased during the Class Period.  If a Class Member or

counsel intends to present evidence at the Final Approval Hearing, the notice must

identify any witnesses that will be called and any exhibits that will be introduced.

Notices of intention to appear must be postmarked no later than ten (10) days prior to the

Final Approval Hearing and be mailed to the Court, Class Counsel, and Defendants'

Counsel at the addresses set forth in Paragraph 20 of this Order.

22.     Any Class Member who does not make his, her or its objection in the

manner provided for herein shall be deemed to have waived such objection and shall

forever be foreclosed from making any objection to the fairness of the Settlement as

reflected in the Stipulation, the Plan of Allocation, the application of Lead Plaintiffs for

reimbursement of expenses, the application of Class Counsel for an award of attorneys'

fees and reimbursement of expenses or any other matter properly before the Court at the Final Approval Hearing.

23.     By objecting to any matter which is the subject of the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including but not limited to, enforcement of the terms of the Settlement as provided in the Stipulation.

24.     At or after the Final Approval Hearing, the Court shall determine whether the Settlement, the Plan of Allocation, the proposed Judgment, the Motion of Lead Plaintiffs' for reimbursement of time and expenses, the Motion of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and any other matter properly brought before the Court shall be approved or ordered.

**MISCELLANEOUS MATTERS**

25.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the exclusive jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

27.     The administration and consummation of the Settlement as embodied in the Stipulation shall be under the authority of this Court, and the Court shall retain exclusive, continuing jurisdiction for the purpose of enforcing the terms of the Stipulation and for any other purpose related to the prosecution or resolution of the Action.

28.     The Defendants shall not have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or reimbursement of expenses submitted by Class Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29.     This Preliminary Approval Order, the terms of this Stipulation (whether the Stipulation becomes final or not), the negotiations leading up to this Stipulation, the fact of the Settlement, and the proceedings taken pursuant to the Settlement, shall not: (1) be construed as an admission of liability or an admission of any claim or defense on the part of any party to the Action ("Party"), in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any Party or as evidence of the truth of any of the claims or allegations contained in any complaint or Answer filed in the Action, or deemed to be evidence of an admission or concession that any Class Member has suffered any damages, harm, or loss. Neither this Preliminary Approval Order, nor the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out this Preliminary Approval Order or Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Preliminary Approval Order or the Stipulation, to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Class Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), lead counsel pursuant to the PSLRA, or as otherwise required by law.

30.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants, then this, and all other, Orders shall be rendered null and void to the extent provided by and in accordance with the Stipulation, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

31.    The Court reserves the right to adjourn the date of the Final Approval Hearing or any continuance thereof without further notice to the Class Members, and to retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement or otherwise warranted.  The Court may approve the Settlement or Stipulation with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

2|4|13

HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re DIREXION SHARES ETF TRUST : CIVIL ACTION NO. 1-09-CV-8011 KBF
:
:

## NOTICE OF PENDENCY
## AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE
ACQUIRED SHARES OF THE DIREXION FINANCIAL BEAR 3X
SHARES (FAZ), DIREXION ENERGY BEAR 3X SHARES (ERY),
DIREXION LARGE CAP BEAR 3X SHARES (BGZ), OR DIREXION
SMALL CAP BEAR 3X SHARES (TZA) (EACH A "DIREXION FUND"
AND COLLECTIVELY THE "DIREXION FUNDS"), DURING THE
PERIOD FROM NOVEMBER 3, 2008, THROUGH APRIL 9, 2009,
INCLUSIVE.  YOU COULD RECEIVE A PAYMENT FROM, AND YOUR
RIGHTS COULD BE AFFECTED BY, A CLASS ACTION SETTLEMENT.**

A federal court authorized this Notice.  This is not a solicitation from a lawyer.  Your
legal rights will be affected whether or not you act.  Please read this Notice carefully.

The purpose of this Notice is to provide you with notice of the proposed
settlement of this securities class action lawsuit and a motion to approve the Settlement, a
motion to approve Class Counsel's application for attorneys' fees and expenses, a motion
to reimburse Lead Plaintiffs' time and expenses, and of a Final Fairness Hearing on these
motions for _____, 2013, and information regarding how to access and inspect the
motion and settlement documents in advance of the hearing.  Each of the documents
related to the proposed settlement is available to review at the offices of Class Counsel by
appointment during ordinary business hours.  The documents are also available to review
and/or download from the settlement website of the Claims Administrator,
www.DirexionFundsSettlement.com.

**Special Notice to Securities Brokers and Other Nominees:**  If you hold or held
shares of Direxion Financial Bear 3X s (FAZ), Direxion Energy Bear 3X (ERY),
Direxion Large CAP bear 3X (BGZ), or Direxion Small CAP Bear 3X (TZA) as a
nominee for a beneficial owner who is a member of the Class, then within 10 days after
you receive this Notice you must either: (1) mail copies of this Notice by First-Class mail
to each such beneficial owner; or (2) send a list of the names and addresses of such
beneficial owners to the Claims Administrator at the following address:

*In Re Direxion Shares ETF Trust*
Claims Administrator
P.O. Box 60176
Philadelphia, PA  19102-0176
(888) 969-0898
*www.DirexionFundSettlement.com*

## SUMMARY OF IMPORTANT INFORMATION

**Covered Securities and Time Period**: Shares of the Direxion Financial Bear 3X Shares (FAZ), Direxion Energy Bear 3X Shares (ERY), Direxion Large Cap Bear 3X Shares (BGZ), and the Direxion Small Cap Bear 3X Shares (TZA) purchased or acquired during the period from November 3, 2008 through April 9, 2009, inclusive (the "Class Period").

**Total Settlement Amount**: $8,000,000 in cash. Your right to recover a portion of the Settlement Amount will depend upon various factors, including the length of time you held Direxion Fund shares, which of the Funds you purchased or acquired, and your actual loss on your investment, as well as any litigation and settlement expenses authorized by the Court, including reimbursement of Lead Plaintiffs' time and expenses, Class Counsel's attorneys' fees and costs, and the expenses of claims administration. Assuming that all eligible Class Members participate in the settlement, the estimated recovery will be approximately $_____ per share of FAZ and ERY that sustained Recognized Losses and $_____ per share of TGA and BGZ that sustained Recognized Losses.

IF YOU DID NOT HOLD YOUR SHARES FOR LONGER THAN TWO DAYS, YOU ARE NOT ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

**Nature of the Case**: The Third Consolidated Amended Class Action Complaint in this class action alleged that during the Class Period, the Defendants failed to disclose material information regarding the nature and extent of the risk of holding Direxion Fund shares for longer than a single trading session.

**Reasons for Settlement**: After completing substantial discovery, Lead Plaintiffs recognize the uncertainty of proving liability, the uncertainty of proving damages, the absence of any evidence of intra-day tracking error, and the uncertainty of proving all the elements required for class certification. Lead Plaintiffs also recognize the uncertainty of sustaining any successful outcome in the District Court on appeal. Lead Plaintiffs also recognize the additional cost and delay of continuing the litigation. Finally, Lead Plaintiffs recognize that continued litigation would likely deplete the remaining insurance coverage for this claim.

**Potential Outcome of Case**: The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. These risks include a finding that: (i) the Defendants disclosed all material information regarding the risk of holding Direxion Fund shares for longer than a day; (ii) there was no intra-day tracking error; (iii) the Plaintiffs' losses were not caused by any alleged wrongdoing by the Defendants; (iv) the Plaintiffs could not represent a class of all other purchasers of Direxion Fund shares; and (v) a reversal on appeal of any successful outcome in the District Court.

The issues on which the settling parties did not agree and would contest at trial included, but were not limited to, the following: (i) whether the Defendants disclosed all material information regarding the risk of holding Direxion Fund shares for longer than a day; (ii) whether the Plaintiffs' losses were caused by any alleged wrongdoing by the Defendants; (iii) whether the Plaintiffs can represent all other purchasers of Direxion Fund shares.

1.    **Statement of the Parties' Position on Damages**: The parties do not agree on the average amount of damages per share that would be recoverable if Lead

Plaintiffs were to prevail in the Action. The parties disagree on, among other things: (a) the amount of loss, if any, allegedly caused by the alleged misrepresentations and omissions; and (b) whether the misrepresentations and omissions were material to investors. The Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

**Attorneys' Fees and Expenses**: Class Counsel has not received any payment for their work investigating the facts, prosecuting this case and negotiating the settlement on behalf of Lead Plaintiffs and the Class. Court-appointed Class Counsel will ask the Court for attorneys' fees of up to thirty percent (30%) of the Gross Settlement Fund (equal to $2,400,000), and reimbursement of counsel's litigation expenses, estimated to be not more than $400,000. In addition, Lead Plaintiffs have incurred expenses and devoted substantial effort directly related to the representation of the Class for which they will seek reimbursement not to exceed $3,000 for Lead Plaintiff Evan Stoopler, $1,000 for Lead Plaintiff Howard Schwack, and $1,000 for class representative David Remmells. If the Court approves these fee and expense applications in full, the average amount of attorneys' fees and litigation expenses per share of the Direxion Funds will be approximately $_____. The only additional expense charged against the Settlement Fund will be the costs of administration of the settlement by the Claims Administrator.

**Your Proof of Claim Form**: Accompanying this Notice is a Proof of Claim Form. To qualify for payment you must provide all of the requested information with respect to shares of the Direxion Funds that you acquired during the Class Period, with respect to your sale proceeds and dividend income from those purchases, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. *Proof of Claim forms must be postmarked no later than _____, 2013, and mailed to In re Direxion Shares ETF Trust, Claims Administrator, at the address on the form.*

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **REQUEST EXCLUSION BY** _____, 2013 | You may ask to be excluded from the Class. If you exclude yourself from the Class, you will get no payment. This is the only option that allows you to participate in or continue with another lawsuit, including an arbitration, relating to the Released Claims in this case as defined in the sample Release at p. ___. |
| **OBJECT BY** _____, 2013 | You may write to the Court if you do not like this settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and expenses, or the Lead Plaintiffs' request for reimbursement for time and expenses in representing the Class. |
| **APPEAR AT THE SETTLEMENT HEARING ON** _____, 2013 | You may ask to speak in Court about the fairness of the settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, or the Lead Plaintiffs' request |

|  | for reimbursement. |
|---|---|
| **DO NOTHING** | Receive no payment and lose the ability to pursue the Released Claims against the Released Defendant Parties.  See question 21, below. |

- Your legal rights are affected whether you act or do nothing.  Read this Notice carefully.

- These rights and options—*and the deadlines to exercise them*—are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

    **More Information**:

    For more information please refer to the settlement website at *www.DirexionFundSettlement.com* or contact the Claims Administrator or Plaintiffs' Class Counsel at:

Claims Administrator:

*In re Direxion Shares ETF Trust*
Heffler, Radetich & Saitta LLP
P.O. Box 60176
Philadelphia, PA  19102-0176
(888) 969-0898
*www.DirexionFundSettlment.com*

Class Counsel:

Maja Lukic, Esquire
Wolf Haldenstein Adler
Freeman & Herz LLP
270 Madison Avenue
New York, NY  10016
(212) 545-4600

William B. Federman
wbf@federmanlaw.com
Stuart Emmons
swe@federmanlaw.com
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK  73120
(405) 235-1560

Kenneth G. Gilman
kgilman@gilmanpastor.com
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 307
Bonita Springs, FL  34134
(239) 221-8301

708984

## BASIC INFORMATION

### 1.   Why Did I Receive This Notice?

You or someone in your family may have acquired shares of the Direxion Funds during the Class Period through purchase of such shares or a dividend reinvestment in the Direxion Funds.

The Court has certified a class in this case for purposes of the settlement. You received this Notice by order of the Court because you have a right to know about the class action, the proposed settlement, and your options before the Court decides whether to approve the settlement. If the Court approves the Settlement, after any objections and appeals are resolved, the Claims Administrator will make the payments that the settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF. The principal persons who sued, Evan Stoopler and Howard Schwack, are referred to as the Lead Plaintiffs, and the companies and individuals they sued—Direxion Shares ETF Trust, Rafferty Asset Management LLC, Daniel D. O'Neill, Todd Kellerman, Daniel J. Byrne, Gerald E. Shanley, III, and John Weisser—are referred to as the Defendants. Federman & Sherwood, Wolf Haldenstein Adler Freeman & Herz LLP, and Gilman Law LLP filed this action on behalf of Lead Plaintiffs and were appointed by the Court as Class Counsel.

### 2.   What Is This Case About?

This case was brought as a putative class action alleging that Direxion's registration statement and prospectus supplements contained false and misleading statements and omissions regarding the Direxion Funds. Lead Plaintiffs alleged that Defendants materially misrepresented or failed to disclose information related to investments in the Direxion Funds, including the risk that investors who held Direxion Fund shares for longer than a single trading period were subject to undisclosed volatility risk, compounding and rebalancing risk, holding period risk, and hedging risk. Lead Plaintiffs further allege that investors who held Direxion Fund shares for longer than a single trading period suffered losses when the risks materialized. The claims on behalf of TZA and BGZ holders were dismissed by the Court. Defendants deny that they did anything wrong and argue that the Registration Statements did not contain any material misrepresentations or omissions, the Direxion Funds were an appropriate investment for periods longer than a single trading session, the mathematical compounding effect was widely publicized and well known, and that Lead Plaintiffs and the Class are not entitled to recover any alleged damages.

### 3.   Why Is This A Class Action?

In a class action, one or more persons sue on behalf of themselves and all others who have similar claims.

All these claimants are called the Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.    Why Is There A Settlement?

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  The Lead Plaintiffs and Class Counsel think that the settlement is fair and reasonable and is in the best interests of the Class.

Class Counsel undertook extensive review of Defendants' documents, conducted multiple depositions, and, with the aid of well qualified experts, conducted a thorough analysis of the Direxion Funds' trading records showing all transactions in the Fund during the pertinent time period.  Class Counsel also engaged in extensive settlement negotiations with Defendants, and in so doing, was able to gauge the strengths of the anticipated defenses to be offered at trial.

Lead Plaintiffs and Class Counsel believe that the claims asserted against the Defendants have merit.  Lead Plaintiffs and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial.  Lead Plaintiffs and Class Counsel have considered the issues that would have been decided by a jury in the event of a trial of the Action, including whether Defendants made false or misleading statements in the registration statement and prospectus supplements and whether they were material to investors, whether Class Members' losses were caused by the alleged misrepresentations or omissions and the amount of damages.  Lead Plaintiffs and Class Counsel have considered the uncertain outcome and trial risk in complex lawsuits like this one, and that, even if they were successful, after the resolution of the appeals that were certain to be taken (which could take years to resolve), certain of the Defendants may not have been able to pay an amount significantly larger than their respective Settlement Amount or even as much as the Settlement Amount.

In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate.  Indeed, Lead Plaintiffs and Class Counsel believe that the Settlement achieved excellent results and is in the best interests of the Class.  The Settlement, which totals $8 million in cash (less the deductions described in this Notice), provides substantial benefits now as compared to the risk that a similar, a smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future.

## WHO WILL PARTICIPATE IN THE SETTLEMENT

### 5.    How Do I Know if I Am A Class Member?

To determine if you are entitled to receive money from this settlement, you first must determine if you are a Class Member.  Judge Katherine B. Forrest of the United States District Court for the Southern District of New York, who is presiding over this class action, determined for purposes of settlement only, that everyone who fits the following description is a member of the Class:

> All persons and entities who purchased or otherwise acquired shares of any of the following Funds from November 3, 2008 through April 9, 2009, inclusive ("Class Period") and who were damaged thereby: the Direxion Financial Bear 3X Shares (FAZ), Direxion Energy Bear 3X Shares (ERY), Direxion Large Cap Bear 3X Shares (BGZ), and the Direxion Small Cap Bear 3X Shares (TZA).  Excluded from the Class are: Defendants; the Direxion Defendants' officers and directors; members of Defendants'

immediate families; Defendants' legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any proposed Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in this Notice.

If you *sold* Direxion Fund shares during the Class Period, that does not necessarily make you a Class Member. You are a Class Member only if you acquired (including by means of dividend reinvestment) Direxion Fund shares during the Class Period and were damaged thereby. If you received this notice, then you may be a Class Member and may be entitled to a recovery. The formula used for calculating your Recognized Loss is described in Question 8 below.

IF YOU DID NOT HOLD YOUR SHARES FOR LONGER THAN TWO DAYS, YOU ARE NOT ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

### 6.     I'm Still Not Sure If I Am Included.

If you are still not sure whether you are included, or have questions about any subject discussed in this Notice, you can ask for free help. All inquiries concerning this Notice should be directed to:

| Claims Administrator: | Class Counsel: |
|---|---|
| *In re Direxion Shares ETF Trust*<br>Heffler, Radetich & Saitta LLP<br>P.O. Box 60176<br>Philadelphia, PA  19102-0176<br>(888) 969-0898<br>*www.DirexionFundSettlment.com* | Maja Lukic, Esquire<br>Wolf Haldenstein Adler<br>Freeman & Herz LLP<br>270 Madison Avenue<br>New York, NY  10016<br>(212) 545-4600<br>lukic@whafh.com |

### THE SETTLEMENT BENEFITS – WHAT YOU GET.

### 7.     What Does The Settlement Provide?

Defendants have agreed to pay a total of $8,000,000 in cash. The balance of this amount after payment of Court-approved Class Counsel attorneys' fees and expenses, reimbursement for Lead Plaintiffs' time and expenses in representing the Class, and the costs of settlement administration, including the costs of printing and mailing this Notice (the "Net Settlement Fund"), will be distributed to eligible Class Members.

### 8.     How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend primarily on which Direxion Fund shares you acquired, the number of Class Members, the total number of Qualified Shares acquired by Class Members, the number of Qualified Shares you acquired personally, the date(s) on which you bought and sold them, and whether you submit a valid Proof of Claim and supporting documentation showing eligible Direxion Fund

purchases and other Direxion Fund transaction activity during the class period (discussed below in Question 9).

It is anticipated that the Net Settlement Fund available for distribution will be less than the total losses and/or damages suffered by Class Members. As a result, the Net Settlement Fund will be distributed *pro rata* to Class Members based upon their "Recognized Losses" as that term is defined and pursuant to the Plan of Allocation described below. The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund. The Plan of Allocation is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Class Members. The Plan is the basis upon which the Net Settlement Fund will be proportionately divided among all the Class Members. The Court will be asked to approve the Plan of Allocation and any challenged determinations of the Claims Administrator before the Net Settlement Fund is distributed to Class Members. The Court may approve the Plan with or without modifications or it may approve modifications or another plan altogether, without further notice to the Class.

## PLAN OF ALLOCATION

All purchases and sales are matched on a FIFO basis, with post-July 2009 shares adjusted to pre-split values.

Only shares held for two trading sessions or longer will be eligible to receive settlement benefits. Day 0 is the purchase date. If shares purchased on Day 0 are sold on Day 0 or Day 1, they are excluded from the loss calculation, regardless of whether there was a gain or loss. Gains or losses on all transactions that are ineligible because of the holding period are ignored.

All short transactions (short sales and covers) are excluded from the calculation. Any gains or losses from short sales and covers are ignored.

For all remaining transactions, the purchase prices are adjusted to equal the lesser of the actual trade price or the net asset value ("NAV") on the day of the purchase ("Purchase Price"). In addition, for any shares sold on or after September 18, 2009, the sale price is limited to the greater of the actual sale price or $20.20 per share ("Sale Price").

Calculate the expected return, which is a function of the benchmark index performance if shares were sold one day after purchase. This is calculated as: ((Closing Index Value Day 1/Closing Index Value Day 0) - 1). Multiply the result by -3. This is the expected return for the investment if they were sold on Day 1.

Calculate the gain or loss on eligible transactions as: (Sale Price - Purchase Price). Calculate the actual return on the investment as: (Sale Price/Purchase Price) - 1).

Compare the expected return to the actual return. If the expected return is less than the actual return, then there is no eligible loss for that transaction. If the expected return is greater than the actual return and the Purchase Price was greater than the Sale Price, the transaction has an eligible loss.

Calculate the amount by which the expected return exceeds the actual return. This is the Recognized Loss Percentage. For example, if the expected return was 4% and the actual return was -2%, the Recognized Loss Percentage is 6%. Multiply the Recognized Loss Percentage by the aggregate purchase price for each qualifying

transaction. For example, if 1,000 shares were purchased for $47.00 per share, and the NAV on Day 0 was $48.00, the aggregate purchase price is $47,000.00. The 6% Recognized Loss Percentage applied to the aggregate purchase price results in a Calculated Loss of $2,820.00.

Recognized Loss is the lesser of the Calculated Loss or the actual loss. In the previous example, the Recognized Loss is limited to the actual loss of 2%, or $940.00.

The gains, if any, on eligible transactions are netted against the Recognized Losses, which yields the Net Recognized Loss.

In computing the final allocation of the Net Settlement Fund, the Recognized Losses on TZA and BGZ shares will be discounted to 20% of their computed value.

## OBTAINING PAYMENT

### 9.    How Will I Obtain My Payment?

To qualify for payment, you must be a member of the Class. You must submit a valid Proof of Claim listing shares of the Direxion Funds you purchased or acquired during the Class Period, and all of your sale proceeds and dividend income from those purchases, whether such transactions resulted in a profit or a loss. You also must supply supporting documentation, such as account statements or trade confirmations from your broker. A Proof of Claim is included with this notice or available on the Claims Administration website. If you have any questions about how to complete the Proof of Claim, you may contact the Claims Administrator for assistance by telephone or email. *If your Proof of Claim is accepted, the Claims Administrator will mail a check to you when the settlement has received final approval and your pro rata share has been calculated.* If your address changes after you return your Proof of Claim, please notify the Claims Administrator at once to ensure that any payment is properly directed.

### 10.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2013 to decide whether to approve the settlement. If the settlement is approved, there may be appeals, and resolving them can take years. In addition, no payment will be made to Class Members until any challenges to the accuracy of the Recognized Loss calculations have been resolved. Please be patient.

## THE LAWYERS REPRESENTING YOU

### 11.    Do I Have A Lawyer In This Case?

The Court appointed Federman & Sherwood, Wolf Haldenstein Adler Freeman & Herz LLP, and Gilman Law LLP to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12.    How Will The Lawyers Be Paid?

Class Counsel will ask the Court for attorneys' fees of up to thirty percent (30%) of the Gross Settlement Fund (equal to $2,400,000), which will include any accrued interest, and for reimbursement of litigation expenses advanced on behalf of Lead Plaintiffs and the Class plus accrued interest. Such sums as may be approved by the

Court will be paid from the Gross Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Class Counsel has not been paid for their services in conducting this case on behalf of the Lead Plaintiffs and the Class, or for their substantial litigation expenses.  The fee requested will compensate Class Counsel for its work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than the full amount requested.

Class Counsel will file papers in support of its fee request on or before _____, 2013 and post copies of such papers on the Claim Administration website.

## RELEASE OF CLAIMS

### 13.    What Rights Am I Giving Up By Participating In The Settlement?

If you do not exclude yourself from the settlement, you will be bound by the Court's Final Judgment and the release incorporated in the Stipulation and Settlement Agreement in this Action ("Stipulation").  A copy of that Stipulation can be found on the claims administration website.  The principal terms of the release in the Stipulation appear at pp. _____ of this Notice.

In general terms, the releases in this Action mean you cannot continue with or bring a lawsuit or action of any kind, including an arbitration, against the "Released Defendant Parties" (as defined on p. ____ below) about issues that relate to the Lead Plaintiffs' allegations in this case ("Released Claims" as defined on p. ___ below).  Please read this release carefully because it affects your legal rights.

## DISPUTING THE RECORD OF FUND TRANSACTIONS

### 14.    How Do I Correct An Error In My Record Of Fund Transactions?

The Claims Administrator may reject any and all Proofs of Claim that do not meet the filing requirements.  If the Claims Administrator rejects your Proof of Claim and you wish to contest such rejection, **you must within thirty (30) calendar days after the date of mailing of the notice of such rejection, respond to the Claims Administrator and include a statement of reasons for contesting the rejection, along with any supporting documentation.**  If the dispute cannot be otherwise resolved, you may request review by the Court, and appear in person if you so choose.  Prior to any distribution of Net Settlement Funds, Class Counsel shall present your request for review to the District Court for a final determination.

## REQUESTING EXCLUSION

### 15.    How Do I Request To Be Excluded From The Class?

If you are a member of the Class but you want to retain the right to sue or to continue to sue Defendants on your own about issues that would be released if you participate in this settlement then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.  If you request exclusion, you will **NOT** be affected by any decisions in the case and you will NOT receive any

payment under the proposed settlement. You also cannot object to the settlement if you exclude yourself.

In order to be valid, a request for exclusion must: (i) set forth the name, address, and telephone number of the person or entity requesting exclusion; (ii) state that the person or entity "requests exclusion from the Class in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF"; (iii) be signed and dated by the person or entity requesting exclusion; and (iv) be postmarked no later than _____, 2013. Requests for exclusion must be mailed to the Claims Administrator at the following address:

*In re Direxion Shares ETF Trust*
Claims Administrator
P.O. Box 60176
Philadelphia, PA 19102-0176

You may also exclude yourself from the Class online by going to www.DirexionFundSettlement.com and following the instructions found on the website.

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping. You cannot exclude yourself on the phone or by e-mail. Do not request exclusion if you wish to participate in this lawsuit as a Class Member.

If you have brought or intend to bring your own arbitration or lawsuit against any of the Released Defendant Parties, you should speak to a lawyer **immediately**. You must exclude yourself from this Class to continue your own lawsuit or arbitration or bring one in the future.

If you do not request exclusion from this Class, you will be considered a Class Member; you will be bound by the terms of the proposed settlement and you **will not** be able to pursue your own individual legal action based upon the claims that are being released in the settlement.

**OBJECTING TO THE SETTLEMENT**

16.     **Right To Object.**

If you are a Class Member who is not requesting to be excluded from the Class, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees and expenses.

17.     **How Do I Tell the Court That I Object To The Settlement?**

If you choose to object to the settlement, you must timely state the reasons why you think the Court should not approve the settlement or anything related to it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in "*In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF." You must include your name, address, telephone number, your signature, the number of Direxion Fund shares purchased during the period from November 3, 2008 through April 9, 2009, inclusive, the reasons you object, and all supporting papers. Any objection must be postmarked no later than _____, 2013 and mailed to:

Court:

Ruby J. Krajick
Office of the Clerk
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Counsel for Plaintiffs:

Maja Lukic
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

Kenneth G. Gilman
Gilman Law LLP
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 307
Bonita Springs, FL 34134

Stuart Emmons
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120

Counsel for Defendants:

Jeffrey B. Maletta
K&L Gates LLP
1601 K Street NW
Washington, DC 20006-1600

John L. Hardiman
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

## THE COURT'S FAIRNESS HEARING

After receiving the Motion for Approval of the Settlement and any objections filed within the deadline set above, the Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 18. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold the settlement hearing at Courtroom 15A on _____, 2013 at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Forrest will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Class Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

You should also be aware that the Court may change the date and time for the hearing without giving another notice to Class Members. If you want to attend, you should check the date and time with Class Counsel.

708984

### 19.    Do I Have To Come To The Hearing?

No. Class Counsel will answer any questions Judge Forrest may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to speak in support of it. As long as you mailed your written objection on time, the Court will consider it. If you want to be represented by your own lawyer at the hearing, you may hire one at your own expense.

### 20.    May I Speak At The Hearing?

You may ask the Court for permission to speak at the settlement hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF. You must include your name, address, telephone number, and your signature. It will also be helpful to identify the number of Qualified Shares you purchased. If you intend to present evidence at the hearing, you must identify any witness you may call to testify and any exhibits you intend to introduce at the hearing in your notice. Your notice of intention to appear must be postmarked no later than _____, 2013 and be sent to the Clerk of the Court, Class Counsel, and Defendants' counsel, at the three addresses listed in Question 17. You cannot speak at the hearing if you have excluded yourself from the Class.

## IF YOU DO NOTHING

### 21.    What Happens If I Do Nothing At All?

If you do nothing, and you are a Class Member, you will recover no money. If the settlement becomes effective, you will not be able to bring a lawsuit or action of any kind, including arbitration, continue with a lawsuit of any kind, including arbitration, or be part of any other lawsuit or arbitration against the Released Defendant Parties about the Released Claims, which are described in the Stipulation and in this Notice at pp. _____ below.

## GETTING MORE INFORMATION

### 22.    Are There More Details About The Settlement?

This Notice summarizes the proposed settlement. More details are set forth in the Stipulation. You can obtain a copy of the Stipulation by downloading a copy from these websites: www.DirexionFundSettlement.com or by writing to Maja Lukic, c/o Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016.

### 23.    How Do I Get More Information?

You may contact the Claims Administrator:

*In re Direxion Shares ETF Trust*
Heffler, Radetich & Saitta LLP
P.O. Box 60176
Philadelphia, PA  19102-0176
(888) 969-0898
*www.DirexionFundSettlment.com*

## *PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

Date:  New York, New York                    BY ORDER OF THE
       _____, 2013               UNITED STATES DISTRICT
                                             COURT FOR THE SOUTHERN
                                             DISTRICT OF NEW YORK

## ACKNOWLEDGMENT OF RELEASE TO ACCOMPANY SETTLEMENT CHECK:

### ACKNOWLEDGEMENT OF RELEASE

You have received the enclosed check from the Claims Administrator in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF, because you have been identified as a member of the Class certified for the purposes of settlement only by the United States District Court for the Southern District of New York.

By cashing the enclosed check, you acknowledge and agree to comply with the release provisions of the Stipulation and Settlement Agreement which has already been approved by the Court in its Judgment in *In re Direxion Shares ETF Trust*, Case No. 09-cv-8011 KBF, entered on _____.

As applicable to you, the release terms approved by the Court provide:

### DEFINITIONS

(a)    "Released Claim(s)" means any and all actions, causes of action, claims, damages, demands, duties, issues, judgments, liabilities, losses, matters, obligations, proceedings, and rights of every nature and description whatsoever, whether based on law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known and Unknown Claims (as defined below), accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, suspected or unsuspected, fixed or contingent and whether or not concealed or hidden, that have been or could have been asserted by or on behalf of the Releasing Plaintiff Parties in the Action or in any forum of competent jurisdiction (including a state or federal court) that (i) arise out of, are based upon, or relate in any way to the claims, causes of action, facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions, or failures to act alleged in the Action; or (ii) relate in any way to the resolution of the Action, including the Stipulation.

(b)    "Released Defendant Parties" means any and all of the Defendants (including without limitation the Direxion Defendants, the Individual Defendants, and Todd Kellerman), and/or their current, former, or future principals, shareholders, members, agents, attorneys, auditors, accountants officers, advisors, directors, trustees, employees, partners, service providers, vendors, subsidiaries, affiliates, parents, insurers, reinsurers, heirs, executors, representatives, predecessors, successors, assigns, trustees, or other individual or entity in which any Defendant has a controlling interest. For the avoidance of doubt, and without limitation, the Direxion Funds, Foreside Fund Services, LLC, Bank of New York Mellon, and Rafferty Capital Markets, LLC are included in the definition of Released Defendant Parties.

(c)    "Released Plaintiff Parties" means any and all of the Lead Plaintiffs, Class Members, Lead Counsel, and their respective officers, directors, members, partners, employees, attorneys, insurers, affiliates, heirs, executors, administrators, trustees, conservators, representatives, successors, predecessors, and assigns.

(d)    "Releasing Defendant Parties" means any and all of: (i) Defendants; (ii) Defendants' current or former officers, directors, employees, partners, subsidiaries, affiliates, parents, heirs, representatives, predecessors, successors, assigns,

trustees, or any other individual or entity in which any Defendant has a controlling interest; and (iii) any person or entity who claims or purports to claim by, through, or on behalf of any Defendant. For the avoidance of doubt, the Direxion Funds are included in the definition of Releasing Defendant Parties.

(e)     "Releasing Plaintiff Parties" means: (i) Lead Plaintiffs; (ii) all Class Members; (iii) the Lead Plaintiffs' and each Class Member's present or past heirs, executors, administrators, successors, assigns, trustees, representatives, officers, directors, members, partners, employees, or predecessors; and (iv) any person or entity who claims or purports to claim by, through, or on behalf of the Lead Plaintiffs or any Class Member.

(f)     "Unknown Claims" means: (i) any and all Released Claims that any of the Releasing Plaintiff Parties does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement (including the decision not to object or exclude himself, herself, or itself from the Settlement); and (ii) any and all Released Defendants' Claims that any Releasing Defendant Parties does not know to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her or it might have affected his, her, or its settlement with and release of the Released Plaintiff Parties, or might have affected his, her, or its decision(s) with respect to the Settlement. Moreover, with respect to any and all Released Claims and any and all Released Defendants' Claims, upon the Effective Date, the Releasing Plaintiff Parties and Releasing Defendant Parties, respectively, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Plaintiff Parties, or any one of them, may hereafter discover facts other than or different from those which he, she or it knows or believes to be true, but each of the Releasing Plaintiff Parties hereby expressly waives and fully, finally, and forever settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claim. Likewise, the Releasing Defendant Parties, or any one of them, may hereafter discover facts other than or different from those which he, she or it knows or believes to be true, but each of the Defendants hereby expressly waives and fully, finally, and forever settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Defendants' Claim. The Parties acknowledge that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

708984

## RELEASE

1.      Upon the Effective Date of the settlement, and without any further action, the Releasing Plaintiff Parties, for good and valuable consideration the adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Defendant Parties posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Claims.

2.      Upon the effective date, and without any further action, the Releasing Plaintiff Parties, for good and valuable consideration the adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any right to monetary relief, however styled, that is based upon, arises out of, or relates to the Released Claims, to the extent that such monetary relief would give rise to a claim for indemnification, contribution or the like, however styled ("Indemnification"), against the Released Defendant Parties. In the event any Releasing Plaintiff Party obtains a judgment against any third party based upon a right to monetary relief, however styled, that is based upon, arises out of, or relates to the Released Claims, the judgment shall be reduced by the greater of: (1) the amount of recovery obtained by the Releasing Plaintiff Party in connection with the settlement; or (2) the amount necessary to extinguish any claim for Indemnification that the third party may have against the Released Defendant Parties.

THE FOREGOING IS A PARTIAL SUMMARY ONLY. TO REVIEW THE FULL RELEASE APPROVED BY THE COURT, GO TO THE WWW.DIREXIONFUNDSETTLEMENT.COM WEBSITE AND CLICK ON STIPULATION AND SETTLEMENT AGREEMENT.

If you have any questions you may contact the Claims Administrator at the following address:

*In re Direxion Shares ETF Trust*
Heffler, Radetich & Saitta LLP
P.O. Box 58578
Philadelphia, PA 19102-8578
*www.DirexionFundSettlment.com*

708984

# EXHIBIT 2

TO:   **ALL PERSONS WHO ACQUIRED SHARES OF THE DIREXION FINANCIAL BEAR 3X SHARES (FAZ), DIREXION ENERGY BEAR 3X SHARES (ERY), DIREXION LARGE CAP BEAR 3X SHARES (BGZ), OR THE DIREXION SMALL CAP BEAR 3X SHARES (TZA) (EACH A "DIREXION FUND" AND COLLECTIVELY THE "DIREXION FUNDS") DURING THE PERIOD FROM NOVEMBER 3, 2008, THROUGH APRIL 9, 2009, INCLUSIVE. YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in the action captioned *In re Direxion Shares ETF Trust*, No. 09-8011 (KBF) (S.D.N.Y.) (the "Action"). A hearing will be held on _____, 2013, at ___ [a.m./p.m.], before the Hon. Katherine B. Forrest at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007. The purpose of the hearing is for the Court to determine, among other things: (1) whether the proposed settlement of the claims asserted in the Action should be approved by the Court as fair, reasonable and adequate; (2) whether the Action should be dismissed with prejudice pursuant to the terms and conditions of the settlement; (3) whether the plan for distributing the proceeds of the settlement should be approved; (4) and whether the application of Class Counsel for the payment of attorneys' fees and reimbursement of expenses should be approved.

If you purchased Direxion Fund Shares from November 3, 2008 through April 9, 2009, inclusive, you must file a Proof of Claim in writing no later than _____, 2013, to participate in the recovery. If you did not hold your shares for longer than two days, you are not entitled to share in the settlement proceeds.

If you believe you are a Class Member and wish to exclude yourself from the settlement, you must do so in writing no later than _____, 2013. If the settlement is approved by the Court and its judgment becomes final, you will be bound by the settlement and the release of claims it includes unless you submit a request to be excluded.

If you believe you may be a Class Member and wish to object to any aspect of the settlement, the plan for allocating it, the request by Class Counsel for an award of

attorneys' fees and expenses, or otherwise request to be heard, you must submit a written objection or request no later than _____, 2013 in accordance with the procedures described on the claims administration website.

     This is only a summary of matters regarding the litigation and the settlement. A detailed notice describing the litigation, the proposed settlement terms, and the rights of potential class members, including procedures for participating, seeking exclusion or objecting, has been mailed to class members whose contact information is already known. You may download the notice from the claims administration website, *www.DirexionSettlement.com*, which also has copies of settlement documents and pleadings in the Action. You may also obtain a copy of the more detailed notice by contacting the Claims Administrator by mail, email, or telephone as follows:

*In re Direxion Shares ETF Trust*
Heffler, Radetich & Saitta LLP
P.O. Box 60176
Philadelphia, PA  19102-0176
(888) 969-0898
*info@DirexionFundSettlment.com*

     If you have any questions about the settlement, you may also contact Class Counsel for Plaintiffs by mail, email or telephone as follows:

Maja Lukic, Esquire
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY  10016
(212) 545-4600
lukic@whafh.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2013           BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT
                                     COURT FOR THE SOUTHERN
                                     DISTRICT OF NEW YORK

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re DIREXION SHARES ETF TRUST  : CIVIL ACTION NO. 1-09-CV-8011 KBF
             :
             :
             :

## PROOF OF CLAIM AND RELEASE FORM

**Must be Postmarked on or Before:**
**_____, 2013**
**Please Type or Print**

IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE DIREXION FINANCIAL BEAR 3X SHARES (FAZ), DIREXION ENERGY BEAR 3X SHARES (ERY), DIREXION LARGE CAP BEAR 3X SHARES (BGZ), OR DIREXION SMALL CAP BEAR 3X SHARES (TZA) (EACH A "DIREXION FUND" AND COLLECTIVELY THE "DIREXION FUNDS"), DURING THE PERIOD FROM NOVEMBER 3, 2008, THROUGH APRIL 9, 2009, INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

EXCLUDED FROM THE CLASS ARE: DEFENDANTS; THE DIREXION DEFENDANTS' OFFICERS AND DIRECTORS; MEMBERS OF DEFENDANTS' IMMEDIATE FAMILIES; DEFENDANTS' LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS; AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST. ALSO EXCLUDED FROM THE CLASS ARE ANY PROPOSED CLASS MEMBERS WHO PROPERLY EXCLUDE THEMSELVES BY FILING A VALID AND TIMELY REQUEST FOR EXCLSUION IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH IN THE NOTICE.

**IF YOU DID NOT HOLD YOUR SHARES FOR LONGER THAN TWO DAYS, YOU ARE NOT ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.  YOU SHOULD <u>NOT</u> SUBMIT A CLAIM.**

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.  YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ ____, 2013, TO THE FOLLOWING ADDRESS:

*In re Direxion Shares ETF Trust*
**Claims Administrator**
**P.O. Box 60176**
**Philadelphia, PA 19102-0176**

**YOUR FAILURE TO SUBMIT YOUR CLAIM BY_____, 2013 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THIS SETTLEMENT. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.**

**SUBMISSION OF THIS PROOF OF CLAIM AND RELEASE, HOWEVER, DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF SETTLEMENT IN THE ACTION.**

### CLAIMANT'S STATEMENT

1.      I purchased or acquired shares of one or more of the following Funds from November 3, 2008 through April 9, 2009, inclusive: the Direxion Financial Bear 3X Shares (FAZ), Direxion Energy Bear 3X Shares (ERY), Direxion Large Cap Bear 3X Shares (BGZ), and the Direxion Small Cap Bear 3X Shares (TZA). (ONLY SHARES HELD OVER AT LEAST TWO TRADING DAYS WILL BE COUNTED.)

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Class Notice"), or am acting for such person; that I am not a Defendant in the Action, or anyone else excluded from the Class; that I have read and understand the Class Notice; that I believe that I am entitled to receive a share of the Settlement proceeds; that I elect to participate in the proposed Settlement described in the Class Notice, and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (such as an executor, administrator, trustee, guardian, attorney-in-fact or other representative), you must certify that you are currently authorized to act on behalf of the Class Member and submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I have set forth where requested below all relevant information with respect to each purchase of Direxion shares during the Class Period, and each sale, if any, of such shares.

4.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of Direxion shares listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR STOCKBROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE

NECESSARY TO PROVE AND PROCESS YOUR CLAIM.  PLEASE DO NOT SEND ORIGINALS OF SUCH DOCUMENTS.)

5.     I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

6.     Upon the occurrence of the Effective Date (as defined in the Class Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns of each of the "Released Parties" of all "Settled Claims," as defined herein.

7.     By submitting this Proof of Claim, the undersigned and any person or entity on whose behalf the undersigned is acting, submits to the jurisdiction of the United States District Court for the Southern District of New York, for the purposes of the Action.

## STATEMENT OF CLAIM – CLAIMANT IDENTITY

Name(s) of Beneficial Owner(s):

_____

Name

_____

Joint Name

_____

Street No.

_____

City                                State                        Zip Code

(____)_____        (____)_____

Telephone No. (Day)                        Telephone No. (Night)

_____

Email

_____        _____

Social Security Number (for individuals)      OR      Taxpayer Identification Number
                                                          (for estates, trusts, corporations, etc.)

Check One:

___ Individual ___ Corporation ___ Trust ___ Estate ___ IRA Account ___ Other (specify)

## DIREXION FINANCIAL BEAR 3X SHARES (FAZ)

**A.** FAZ shares Purchased or Acquired between November 3, 2008 through April 9, 2009, inclusive:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Share(s) of FAZ Purchased or Acquired | Purchase Price Per FAZ Share | Aggregate Cost (exluding commisions and fees) |
|---|---|---|---|
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |

(please attach additional pages as necessary)

**B.** FAZ shares Sold at any time after November 3, 2008:

| Date(s) of Sales (List Chronologically (Month/Day/Year) | Number of Share(s) of FAZ Sold | Sale Price Per FAZ Share | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |
| ____ / ____ / _____ | _____ | $_____ | $_____ |

(please attach additional pages as necessary)

## DIREXION ENERGY BEAR 3X (ERY)

**A.** ERY shares Purchased or Acquired between November 3, 2008 through April 9, 2009, inclusive:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Share(s) of ERY Purchased or Acquired | Purchase Price Per ERY Share | Aggregate Cost (exluding commisions and fees) |
|---|---|---|---|
| ____ / ____ / _____ | _____ | $_____ | $_____ |

| Date(s) of Sales (List Chronologically (Month/Day/Year) | Number of Share(s) of BGZ Sold | Sale Price Per BGZ Share | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

(please attach additional pages as necessary)

## DIREXION SMALL CAP BEAR 3X SHARES (TZA)

**A.** TZA shares Purchased or Acquired between November 3, 2008 through April 9, 2009, inclusive:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Share(s) of TZA Purchased or Acquired | Purchase Price Per TZA Share | Aggregate Cost (exluding commisions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

(please attach additional pages as necessary)

**B.** TZA shares Sold at any time after November 3, 2008:

| Date(s) of Sales (List Chronologically (Month/Day/Year) | Number of Share(s) of TZA Sold | Sale Price Per TZA Share | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

(please attach additional pages as necessary)

**ACCURATE CLAIMS PROCESSING TAKES
A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please complete the Substitute W-9 and sign the above Certification.

2. Remember to attach supporting documentation.

3. Do not send original or copies of stock certificates.

4. Keep a copy of your Proof of Claim form for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim form, please send it Certified Mail Return Receipt Requested.

6. If you move after submitting your Proof of Claim form, please send your new address to the Claim Administrator.

708947

9