USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 1 0 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re DIREXION SHARES ETF TRUST : CIVIL ACTION NO. 1-09-CV-8011 KBF

## [PROPOSED] SETTLEMENT DISTRIBUTION ORDER

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the Stipulation and Agreement of Settlement dated January 31, 2013 (the "Stipulation), on behalf of all persons who purchased or otherwise acquired shares of the Direxion Financial Bear 3X Shares (FAZ), Direxion Energy Bear 3X Shares (ERY), Direxion Large Cap Bear 3X Shares (BGZ), and the Direxion Small Cap Bear 3X Shares (TZA), (collectively, the "Funds"), and who were damaged thereby (the "Class"). Excluded from the Class are the Defendants,[1] the Direxion Defendants' officers and directors; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any proposed Class members who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order[2] signed by this Court on February 5, 2013.[3]

---

[1] The Defendants are Direxion Shares ETF Trust, Rafferty Asset Management, LLC, Daniel D. O'Neill, Daniel J. Byrne, Gerald E. Shanley, III, and John Weisser.

[2] The Preliminary Approval Order refers to the Findings And Order Preliminarily Approving Proposed Settlement, Approving Form And Dissemination Of Class Notice, And Setting Date For Hearing On Final Approval. Dkt. 190.

[3] The excluded Class members are Jennie Aronson, Charles P. Holmes, Harold A. Edmondson, Vic Zaroukian, Benjamin Kizek, Dagmar Kizek, Paul J. Petersen, and Wei Feng Wu.

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on May 10, 2013, at which time all Class members were provided with an opportunity to be heard;

WHEREAS, the Final Judgment approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable and adequate to the Class and its members and that the Notice to the Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

WHEREAS, this Court reserved jurisdiction, without affecting the finality of the Final Judgment, over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of the Final Judgment, to protect and effectuate the Final Judgment, and for any other necessary purpose. Final Judgment ¶ 23.

WHEREAS, Plaintiffs' lead counsel ("Class Counsel") and their independent claims administrator, Heffler Claims Administration ("Heffler"), have now completed all steps required for the administration, review, processing and validation of claims set forth in the Stipulation, and have calculated, pursuant to the terms of the plan of allocation set forth in the Stipulation and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the number of shares with valid Proof of Claim forms submitted pursuant to the Notice for each Claimant;

WHEREAS, Class Counsel and Heffler have reported to this Court in the Declaration of Mark C. Rifkin, Esq. in Support of Entry of Settlement Distribution Order, dated February 6, 2014 and the Affidavit of Edward J. Sincavage, CPA, in Support of Lead Plaintiff's Motion For Distribution of the Net Settlement Fund ("Sincavage Affidavit"), dated January 15, 2014, on the administration, review, processing, validation and calculation of claims, and have provided a

final report listing all valid and complete claims, and all rejected claims, with the reason for each rejection;

WHEREAS, Class Counsel has applied to this Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation;

WHEREAS, Class Counsel and Heffler have reported to this Court on the administration, review, processing, validation and calculation of all claims and have provided a final report, in the form of exhibits to the Sincavage Affidavit, listing all valid and complete claims and all rejected claims, along with the reason for each rejection;

WHEREAS, Heffler has reviewed all Proof of Claim Forms received from claimants and the supporting documentation for each Claims;

WHEREAS, Heffler has received a total of 7,141 separate claims, 6,731 of which were timely and 410 were untimely. Of the 6,731 timely claims, Heffler determined that 1,796 claims were valid and has accepted these claims. The total Recognized Losses for these timely claims are, as follows:

        FAZ: $39,457,432.54

        ERY: 1,987,650.44

        BGZ: 6,824,800.31

        TZA: 6,793,342.04

The timely and valid claims have been separated from the untimely, but otherwise valid claims, and are attached hereto as Exhibit A to the Sincavage Affidavit;

WHEREAS, Class Counsel recommends that the timely claims be accepted and approved by the Court;

WHEREAS, of the 410 untimely claims, Heffler determined that 87 claims were valid. Of these 87 untimely, but otherwise valid claims, Heffler received explanations from eight claimants providing reasons for the untimely filing when submitting their claims after the filing deadline. Those eight untimely but otherwise valid claims request total Recognized Losses, as follows:

> FAZ: $210,884.83
>
> ERY: $0.00
>
> BGZ: $0.00
>
> TZA: $9,578.41

WHEREAS, Class Counsel recommends that the Court accept these eight untimely but otherwise valid claims for Claimants who provided explanations for their untimely submissions but that the remaining 79 untimely but valid claims from Claimants who provided no explanation for their untimely submission be rejected. The total Recognized Losses for these untimely but valid claims that have not submitted explanations are as follows:

> FAZ: $3,766,094.05
>
> ERY: $19,421.40
>
> BGZ: $648,510.69
>
> TZA: $274,623.97

WHEREAS, a total of 5,258 claims were rejected for one or more of the following reasons:

- Claimant did not provide transactional data in order to calculate the Claim.
- Claimant did not purchase the Class Securities during the Class Period;

- Claimant filed a blank Proof of Claim form and transactional data was not provided;

- Claimant did not provide supporting documentation to prove the claimed transactions;

- Claimant requested to withdraw the Claim;

- Claimant filed a duplicate Claim;

- Claimant did not incur a Recognized Loss in accordance with the Plan of Allocation;

- Claimant purchased shares to cover a short sale;

- Claimant claimed shares that were received into their account and not actually purchased during the Class Period;

- Claimant transferred shares out of their account and no longer had the rights to those shares.

WHEREAS, all letters rejecting a claim in part, or in its entirety for insufficient documentation fully described the deficiency, requested additional documentation, and provided directions to the claimant on how to cure the deficiency;

WHEREAS, Class Counsel has moved this Court for approval of Heffler's determination and treatment of all valid and invalid claims;

WHEREAS, Class Counsel has moved this Court for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Stipulation;

WHEREAS, Class Counsel has moved this Court for approval of the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following the distribution to Settlement Class members;

WHEREAS, Class Counsel has moved this Court for approval to pay the remainder of Heffler's outstanding fees and expenses. To date, Heffler has been paid $45,000.00 of the total fees and costs incurred and to be incurred in connection with settlement administration;

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by claimants fully complied with the notice and administration provisions and the plan of allocation set forth in the Stipulation and Settlement Notice and approved by this Court.

2. This Court approves of Class Counsel's administration with respect to payment of all taxes owed by the Settlement Fund and directs that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on interest earned by the Settlement Fund while in escrow, if any.

3. This Court allows all complete and valid and timely claims, as well as untimely but otherwise valid claims where the claimant has provided an excuse for the untimely submission of the claims, and directs payment of each such claimant's *pro rata* share from the proceeds of the Net Settlement Fund, after payment of all administrative fees and expenses allowed herein and taxes due or owing, to all such in the proportions set forth in the Sincavage Affidavit. The checks for distribution to the claimants shall bear the notation "CASH PROMPTLY. VOID 180 DAYS AFTER ISSUE DATE," or words of similar import.

4.       This Court finds that the claims of all claimants listed in Exhibits C and D to the Sincavage Affidavit, which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims listed in Exhibits C and D are rejected.

5.       This Court directs Class Counsel, together with Heffler, to continue administration of the Settlement pursuant to the Stipulation, the Final Judgment, and this Order.

6.       This Court directs Class Counsel to attempt to locate claimants whose distribution checks are returned or remain uncashed by telephoning claimants at the numbers provided in the claimants' original claim forms, if any, and, if such calls are unsuccessful in locating claimants, to use other ordinary and reasonable means to attempt to locate claimants and, to the extent claimants are located, Class Counsel shall distribute checks to those claimants where possible and appropriate.

7.       Checks not cashed within six (6) months of the issuance date will be canceled. Attempts to contact the authorized claimants who are the payees of canceled checks will be made at the discretion of Class Counsel in consultation with Heffler.

8.       After six (6) months following the initial distribution of the Net Settlement Fund to authorized claimants, Class Counsel may make a second distribution of the funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, if a second distribution is economically feasible, to all authorized claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution after: (i) payment of any amounts mistakenly omitted from the initial distribution to authorized claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the

7

Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice and (ii) payment of any additional settlement administration fees and expenses, as may be approved by the Court.  If after six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund, then Class Counsel shall donate such balance to the Public Justice Foundation, a not-for-profit charitable organization that supports Public Justice, P.C., a public law firm.

9. The request of Heffler for payment of its additional and unpaid fees and expenses incurred and expected to be incurred in administration of the Settlement of $153,588.92 is in accord with paragraph 23 of the Final Judgment and is approved.  Class Counsel is directed to pay such amount to Heffler from the Settlement Fund.

10. All persons involved in the review, validation, calculation, tabulation or any other aspect of the processing of the claims filed in this Action or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the released parties beyond the amount allocated to them pursuant to this Order.

11. Class Counsel and Heffler are authorized to discard paper or hard copies of the Proof of Claim forms and other materials one (1) year after the initial distribution of the Settlement Fund to Authorized Claimants, and electronic or magnetic media data and all

administrative records three (3) years after the initial distribution of the Settlement Fund to Authorized Claimants.

12. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Judgment.

Dated: 2/10/14

_____
HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE